IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

Northern States Power Company,
a Wisconsin corporation,

    Plaintiff/Third-Party Plaintiff,

v.                                                                        Case No. 10-cv-780

AEGIS Insurance Services, Inc., a/k/a
Associated Electric & Gas Insurance
Services Limited

    Defendant.

AEGIS Insurance Services, Inc. (a/k/a
Associated Electric & Gas Insurance
Services Limited,

    Third-Party Plaintiff,

v.

Allstate Insurance Company (as successor-
in-interest to Northbrook Excess & Surplus
Insurance Company f/k/a as Northbrook
Insurance Company); Northwest National
Insurance Company (as successor-in-interest
to Bellefonte Insurance Company); Century
Indemnity Company (as successor-in-
interest to CIGNA Specialty Insurance
Company f/k/a California Union Insurance
Company); Columbia Casualty Insurance
Company; Continental Insurance Company
(as successor-in-interest to Harbor Insurance
Company); INSCO Insurance Group;
Fairfax Financial Holdings Limited (as
successor-in-interest to TIG as successor to
International Surplus Lines Insurance
Company); Certain Underwriters at Lloyd's
London and Certain London Market Insurers
(including INSCO Ltd., Britamco, Ltd. AG

1830, CAN Reinsurance of London Limited, Compagnie D'Assurances Maritimes Aeriennes Et Terrestres, The Dominion Insurance o. Ltd., Eisen Und Stahl Ruckversicherung A.G., Compangnie Euro-Belge De Reassurances, Assicurazioni Generali Spa (UK Branch), Hollandshe Vers. Van 1808 N.V., Companhia De Seguros Imperio S.A., Allianz International Insurance Co., Ltd., Storebrand Insurance Co., (UK) Ltd., Taisho Marine & Fire Insurance Co. (Europe) Ltd., Royale Belge Incendie Reassurance S.A. D'Assurances, The Sumitomo Marine And Fire Insurance Co., Ltd., Turegum Insurance Co., Ltd., Unionamerica Insurance Co., Ltd., La Union Atlantique S.A., Continental Reinsurance Management Ltd., St. Katherine Insurance Co. PLC, Winterthur Swiss Insurance Co., Yasua Fire and Marine Insurance Co. (UK) Ltd., Compangnie Europeene D'Assurances Industrielles S.A., La Agricola Sa De Seguros Y Reaseguros, Belge Industrielle A.N.M., Eurinco Allgemeine Versicherungs Aktiengesellschaft, Folksam International Insurance Co. (UK) Ltd., Hafez Insurance Co., PLAR Pool); Fairmont Specialty Insurance Company (as successor-in-interest to Ranger Insurance Company); St. Paul Mercury Insurance Company, and St. Paul Fire and Marine Insurance Company,

    Third Party Defendants.

# RULE 14(a) CLAIMS

## NATURE OF ACTION

1. This is an insurance coverage action that arises out of the legal obligations of Northern States Power Company, a Wisconsin corporation ("NSPW") to complete environmental site investigations and potential remediation of soil and groundwater contamination at and in the area of a former manufactured gas plant in Eau Claire, Wisconsin.

2. NSPW's principal place of business is located at 1414 West Hamilton Avenue, Eau Claire, Wisconsin, and the real property which is the subject of the claims at issue in this action is located at and in the area of what is now known as Owen Park, on the west side of the Chippewa River, east of First Avenue near Hudson Street in Eau Claire, Wisconsin ("Owen Park").

3. Admiral Insurance Company ("Admiral"), Century Indemnity Company, as successor to CIGNA Specialty Insurance Company (f/k/a California Union Insurance Company) ("Century"), Columbia Casualty Insurance Company ("Columbia"), and Continental Insurance Company as successor-in-interest to Harbor Insurance Company ("Continental") (collectively the "Insurance Companies") are insurance companies that issued insurance policies to and/or for the benefit of NSPW.

4. The Insurance Companies have and/or do substantial business in Wisconsin, including Eau Claire County.

5. In this action, NSPW seeks damages for breach of contract and indemnification, and defense from the Insurance Companies under insurance policies issued by the Insurance Companies and for declaratory relief because an actual controversy exists between NSPW and the Insurance Companies with respect to the Insurance Companies' responsibilities under their insurance policies to pay

claims for property damage as more fully described in this Complaint.

6. The claims set forth herein arise in Eau Claire County, Wisconsin.

## PARTIES

7. Plaintiff, NSPW, is a Wisconsin corporation with offices and its principal place of business located at 1414 West Hamilton Avenue, Eau Claire, Wisconsin. NSPW was formerly known as Wisconsin-Minnesota Light Company ("Wisconsin-Minnesota"). Predecessor entities of Wisconsin-Minnesota may have owned and operated a manufactured gas plant from approximately 1882 to 1902 in the area of what is now known as Owen Park ("Owen Park MGP site"). NSPW is a public utility authorized to do business in Wisconsin, has a service area in Wisconsin and is regulated by the Wisconsin Public Service Commission.

8. Third-Party Defendant Admiral Insurance Company is a Delaware corporation with its principal place of business located at 1255 Caldwell Road, Cherry Hill, New Jersey 08304. Admiral Insurance Company and/or its affiliated companies issued one or more insurance policies to NSPW, including but not limited to limited to: Policy Nos. 6CM0155 and 7CMOI61 ("Admiral Insurance Policies").

9. Third-Party Defendant Century Indemnity Company, as successor to CIGNA Specialty Insurance Company (f/k/a California Union Insurance Company) is a Pennsylvania corporation with its principal place of business located at 436 Walnut Street, Philadelphia, Pennsylvania 19106. Century and/or its affiliated companies issued one or more insurance policies to NSPW including but not limited to: Policy Nos. Z CV 00355, Z CV 004768, Z CV 005024, Z CV 005659 and Z CV 005660 ("Century Insurance Policies").

10. Third-Party Defendant Columbia Casualty Insurance Company is an Illinois corporation with its principal place of business located at CNA Center, 333 South Wabash Avenue, Chicago, Illinois

60604. Columbia Casualty Insurance Company and/or its affiliated companies issued one or more insurance policies to NSPW including but not limited to: Policy No. RDX 1863737 ("Columbia Insurance Policies").

11. Third-Party Defendant Continental Insurance Company as successor-in-interest to Harbor Insurance Company is a Pennsylvania corporation with its principal place of business located at CNA Center, 333 South Wabash Avenue, Chicago, Illinois 60604. Harbor Insurance Company and/or its affiliated companies issued one or more insurance policies to NSPW including but not limited to: Policy Nos. 131670, 135360, 144820 and 148394 ("Continental Insurance Policies").

## JURISDICTION

12. Defendant/Third-Party Plaintiff, AEGIS, impleaded Third Party Defendants Admiral, Century, Columbia, and Continental, pursuant to Fed. R. Civ. P. 14(a)(1). Plaintiff/Third-Party Plaintiff, NSPW, brings its claims against Admiral, Century, Columbia, and Continental, pursuant to Fed. R. Civ. P. 14(a)(3).

13. This Court has jurisdiction over NSPW's claims pursuant to 28 U.S.C. section 1332 because NSPW and Admiral, Century, Columbia, and Continental are citizens of different States and the amount in controversy is greater than $75,000.

14. Venue is appropriate in the United States District Court for the Western District of Wisconsin because a substantial part of the events or omissions giving rise to NSPW's claims occurred in the Eau Claire, Wisconsin.

## ENVIRONMENTAL CLAIMS

15. NSPW seeks insurance coverage under the Admiral, Century, Columbia, and Continental Insurance Policies for property damage and damages paid and to be paid by NSPW for the investigation and potential remediation of the Owen Park MGP Site.

16. In a letter dated June 7, 2010, the Wisconsin Department of Natural Resources ("WDNR") requested that NSPW conduct an investigation of the Owen Park MGP Site and determine whether a release of coal tars, purifier box wastes and other bi-products may have occurred as a result of operations at the Owen Park MGP Site. A true and correct copy of this letter is attached as Exhibit 1.

17. NSPW has completed the investigations requested of it by the WDNR in the June 7, 2010 letter at the Owen Park MGP site.

18. NSPW neither owns nor controls the Owen Park MGP Site.

19. On February 10, 2011, the WDNR wrote a letter to NSPW which stated, in part, that "Cedar Corporation, on behalf of Xcel Energy, notified the Wisconsin Department of Natural Resources ("WDNR") that polynuclear aromatic hydrocarbons (PAHs), petroleum volatile organic compounds (PVOCs), lead, arsenic and cyanide contamination has been detected" at the Owen Park MGP site. The WDNR's February 10, 2011 letter further instructed NSPW that it was responsible for investigating and restoring the Owen Park MGP site, and requested, under threat of enforcement action, that NSPW submit written verification within 30 days that it has hired an environmental consultant. A true and correct copy of this letter is attached as Exhibit 2.

20. NSPW has paid damages and will pay additional damages in the future in fulfillment of its legal obligations to undertake the required investigation and potential remediation of property damage at the Owen Park MGP Site.

21. Any environmental damage at the Owen Park MGP Site has occurred continuously since the onset of the releases of coal tars, purifier box waste and other by-products from operations at the Owen Park MGP Site, and these events and continuous or repeated exposure to such conditions result in property damage and constitute an occurrence within the meaning of the insurance policies

issued by the Insurance Companies.

22. Admiral, Century, Columbia, and Continental, with respect to each of the Admiral, Century, Columbia, and Continental insurance policies, are obligated to indemnify and defend NSPW for all sums which NSPW has paid, may pay or may become legally obligated to pay in connection with the investigation and potential remediation of the property damage at the Owen Park MGP Site.

23. NSPW has complied with the conditions of the Admiral, Century, Columbia, and Continental insurance policies and/or such conditions have been satisfied, waived or are subject to an estoppel in connection with the Owen Park MGP Site.

24. NSPW's payments of sums in connection with the investigation and potential remediation of property damage at the Owen Park MGP Site have or are reasonably likely to exceed or exhaust the underlying limits of the Admiral, Century, Columbia, and Continental insurance policies so that coverage of the Admiral, Century, Columbia, and Continental insurance policies will attach.

## FIRST CAUSE OF ACTION
**(Declaratory Judgment)**

25. NSPW incorporates as if fully set forth herein the allegations of paragraphs 1 through 24 above.

26. Admiral, Century, Columbia, and Continental issued the Admiral, Century, Columbia, and Continental insurance policies to or for the benefit of NSPW which NSPW contends provide coverage for the investigation and potential remediation of property damage at the Owen Park MGP Site.

27. NSPW reasonably anticipates, based upon conduct of Admiral, Century, Columbia, and Continental demonstrating a definite and unequivocal manifestation of its intent to breach the Admiral, Century, Columbia, and Continental insurance policies, that Admiral, Century, Columbia,

and Continental will breach their obligations to NSPW under the Admiral, Century, Columbia, and Continental insurance policies with regard to NSPW's liabilities at the Owen Park MGP Site.

28. An actual controversy exists between NSPW and Admiral, Century, Columbia, and Continental as to the nature and extent of coverage afforded by the Admiral, Century, Columbia, and Continental insurance policies for the claims described in this Complaint, which controversy is ripe for judicial determination pursuant to 28 U.S.C. § 2201. All parties with an interest in the present controversy have been named as parties and the declaratory relief requested would terminate the controversy giving rise to this action.

**SECOND CAUSE OF ACTION**
**(Breach of Contract)**

29. NSPW incorporates as if fully set forth herein the allegations of paragraphs 1 through 28 above.

30. The past conduct of Admiral, Century, Columbia, and Continental constitutes an anticipatory breach of contract with regard to NSPW's request for coverage under the Admiral, Century, Columbia, and Continental insurance policies in connection with NSPW's liabilities at the Owen Park MGP Site. As a direct and proximate result of these Admiral, Century, Columbia, and Continental breaches of contract, NSPW has sustained and will sustain monetary damages in an amount to be determined at trial for which NSPW is entitled to be compensated.

WHEREFORE, NSPW respectfully requests the following relief:

1. An order declaring the rights and obligations of NSPW and Admiral, Century, Columbia, and Continental under the relevant insurance policies issued by Admiral, Century, Columbia, and Continental with regard to liabilities arising from the Owen Park MGP Site;

2. Judgment for damages, including consequential and incidental damages, in an amount to be determined at trial; and

3. An award of reasonable attorneys' fees, costs, disbursements, interest and such

other relief to which NSPW is entitled at law or equity.

## JURY DEMAND

NSPW hereby demands a trial by jury for all issues so triable.

Dated this 10th day of May, 2011.

**MICHAEL BEST & FRIEDRICH LLP**


By: /s/ Thomas A. Janczewski
Raymond R. Krueger, SBN 1000642
Lee M. Seese, SBN 1036636
Thomas A. Janczewski, SBN 1066346

Attorneys for Northern States Power Company,
a Wisconsin Corporation

**P.O. ADDRESS:**
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-1488
Phone: 414/271-6560
Fax:    414/277-0656

070086-0187\9108538.1