UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

NORTHERN STATES POWER COMPANY,　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　Civil File No.: 10-cv-780
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
AEGIS INSURANCE SERVICES, INC., (a/k/a　)　　**NORTHBROOK'S ANSWER TO**
Associated Electric & Gas Insurance Services　)　　**THIRD PARTY COMPLAINT**
Limited),　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendant.　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
AEGIS INSURANCE COMPANY;　　　　　)
ALLSTATE INSURANCE COMPANY (as　　)
successor-in-interest to Northbrook Excess &　)
Surplus Insurance Company f/k/a as Northbrook)
Insurance Company); NORTHWEST　　　　)
NATIONAL INSURANCE COMPANY (as　　)
successor-in-interest to Bellefonte Insurance　)
Company); CENTURY INDEMNITY　　　　)
COMPANY (as successor-in-interest to CIGNA　)
Specialty Insurance Company f/k/a California　)
Union Insurance Company); COLUMBIA　　)
CASUALTY INSURANCE COMPANY;　　　)
CONTINENTAL INSURANCE COMPANY　　)
(as successor-in-interest to Harbor Insurance　)
Company); INSCO INSURANCE GROUP;　　)
FAIRFAX FINANCIAL HOLDINGS　　　　)
LIMITED (as successor-in-interest to TIG as　)
successor to International Surplus Lines　　　)
Insurance Company); CERTAIN　　　　　)

UNDERWRITERS AT LLOYD'S LONDON                          )
and CERTAIN LOND MARKET INSURERS                        )
(including INSCO Ltd., Britamco, Ltd. AG                )
1830, CAN Reinsurance of London Limited,                )
Compagnie D'Assurances Maritimes Aeriennes              )
ET Terrestres, The Dominion Insurance Co.               )
Ltd., Eisen Und Stahl Ruckversicherung A.G.,            )
Compagnie Euro-Belge De Reassurances,                   )
Assicurazioni Generali Spa (UK Branch),                 )
Hollandshe Vers. Van 1808 N.V., Companhia               )
De Seguros Imperio S.A., Allianz International          )
Insurance Co., Ltd., Storebrand Insurance Co.,          )
(UK) Ltd., Taisho Marine & Fire Insurance Co.           )
(Europe) Ltd., The Tokio Marine & Fire                  )
Insurance Co. (UK) Ltd., Royale Belge Incendie          )
Reassurance S.A. D'Assurances, The Sumitomo             )
Marine And Fire Insurance Co., Ltd., Turegum            )
Insurance Co., Ltd., Unionamerica Insurance             )
Co., Ltd., La Union Atlantique S.A.,                    )
Continental Reinsurance Management Ltd., St.            )
Katherine Insurance Co. PLC, Winterthur Swiss           )
Insurance Co., Yasuda Fire and Marine                   )
Insurance Co. (UK) Ltd., Compagnie                      )
Europeene D'Assurances Industrielles S.A., La           )
Agricole Sa De Seguros Y Reaseguros, Belge              )
Industrielle A.N.M., Eurinco Allgemeine                 )
Versicherungs Aktiengesellschaft, Folksam               )
International Insurance Co. (UK) Ltd., Hafez             )
Insurance Co., PLAR Pool); FAIRMONT                     )
SPECIALTY INSURANCE COMPANY (as                         )
successor-in-interest to Ranger Insurance               )
Company); ST. PAUL MERCURY                              )
INSURANCE COMPANY, AND ST. PAUL                         )
FIRE AND MARINE INSURANCE                               )
COMPANY,                                                )
                                                        )
                        Third-Party Defendants.         )

Now comes Third-Party Defendant, Allstate Insurance Company, solely as successor-in-interest to Northbrook Excess & Surplus Insurance Company, formerly known as Northbrook Insurance Company ("Northbrook"), and for its Answer to AEGIS Insurance Services, Inc.'s ("AEGIS") Third-Party Complaint, states a follows:

1.      Northbrook admits the allegations in Paragraph 1.

2.      Northbrook is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2.

3.      Northbrook is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3.

4.      Northbrook is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4.  To the extent a response is required, Northbrook states only that the denials and defenses in AEGIS' answer speak for themselves and are the best evidence of their content.

5.      Northbrook is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5. To the extent a response is required, Northbrook states only the insurance policy referenced in Paragraph 5 speaks for itself, and Northbrook denies any allegations of Paragraph 5 inconsistent with the terms, exclusions and conditions of the AEGIS policy.

6.      Northbrook denies the allegations in Paragraph 6 that it issued insurance policies to NSPW that may provide coverage for costs incurred or to be incurred by NSPW in connection with the environmental investigation or remediation of the Site.  Northbrook is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 6 concerning policies issued by other Third-Party Defendants.

3

7.      The allegations in Paragraph 7 state legal conclusions to which no answer is required.  To the extent a response is required, Northbrook denies the allegations of Paragraph 7.

8.      The allegations of paragraph 8 are directed at parties other than Northbrook, and, therefore, Northbrook is without knowledge or information sufficient to form a belief as to the truth of the allegations.

9.      The allegations of paragraph 9 are directed at parties other than Northbrook, and, therefore, Northbrook is without knowledge or information sufficient to form a belief as to the truth of the allegations.

10.      The allegations of paragraph 10 are directed at parties other than Northbrook, and, therefore, Northbrook is without knowledge or information sufficient to form a belief as to the truth of the allegations.

11.      The allegations of paragraph 11 are directed at parties other than Northbrook, and, therefore, Northbrook is without knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent a response is required, Northbrook states only that the terms, conditions and exclusions of the referenced insurance policy speak for themselves and are the best evidence of their content.

12.      The allegations of paragraph 12 are directed at parties other than Northbrook, and, therefore, Northbrook is without knowledge or information sufficient to form a belief as to the truth of the allegations.

13.      The allegations of paragraph 13 are directed at parties other than Northbrook, and, therefore, Northbrook is without knowledge or information sufficient to form a belief as to the truth of the allegations.

14.     The allegations of paragraph 14 are directed at parties other than Northbrook, and, therefore, Northbrook is without knowledge or information sufficient to form a belief as to the truth of the allegations.

15.     The allegations of paragraph 15 are directed at parties other than Northbrook, and, therefore, Northbrook is without knowledge or information sufficient to form a belief as to the truth of the allegations.

16.     Northbrook admits that it is a foreign corporation with its principle place of business located at Allstate Plaza, Northbrook, Illinois.  Northbrook only admits that Northbrook Insurance Company issued excess liability policy No. 63 001 595 to "Middlewest Service Company and Various Operating Companies per endorsement number 1."  Northbrook denies the remaining allegations of paragraph 16.

17.     The allegations of paragraph 17 are directed at parties other than Northbrook, and, therefore, Northbrook is without knowledge or information sufficient to form a belief as to the truth of the allegations.

18.     The allegations of paragraph 18 are directed at parties other than Northbrook, and, therefore, Northbrook is without knowledge or information sufficient to form a belief as to the truth of the allegations.

19.     Northbrook is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19.

### FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT

20.     Northbrook repeats and incorporates by reference its responses contained in 1 through 19 of its Answer as if fully set forth herein.

21.     Northbrook only admits that AEGIS seeks a declaratory judgment. Northbrook denies that it owes any coverage obligations to NSPW and denies that AEGIS has any rights against Northbrook.  Northbrook lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.     Northbrook only admits that AEGIS seeks a declaratory judgment. Northbrook denies that it owes any coverage obligations to NSPW and denies that AEGIS has any rights against Northbrook.  Northbrook lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.     Northbrook only admits that AEGIS seeks a declaratory judgment. Northbrook denies that it owes any coverage obligations to NSPW and denies that AEGIS has any rights against Northbrook.  Northbrook lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

## SECOND CAUSE OF ACTION – CONTRIBUTION

24.     Northbrook repeats and incorporates by reference its responses contained in 1 through 23 of its Answer as if fully set forth herein.

25.     The allegations in Paragraph 25 state legal conclusions to which no answer is required.  To the extent a response is required, Northbrook denies the AEGIS is entitled to contribution from Northbrook.   To the extent the remaining allegations of paragraph 25 are directed at parties other than Northbrook, Northbrook is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

WHEREFORE, Third-Party Defendant, Northbrook, denies that AEGIS is entitled to any relief against Northbrook whatsoever, and respectfully requests that judgment be entered in

6

Northbrook's favor and against AEGIS and for such other relief as this Court deems necessary and just.

## AFFIRMATIVE DEFENSES

NOW COMES the Third-Party Defendant, Allstate Insurance Company, solely as successor-in-interest to Northbrook Excess & Surplus Insurance Company, formerly known as Northbrook Insurance Company ("Northbrook"), and by way of further responding to the Third-Party Complaint of AEGIS Insurance Services, Inc. ("AEGIS"), asserts the following Affirmative Defenses:

### First Affirmative Defense
### Failure to Meet Policy Conditions

The Third-Party Complaint is barred to the extent that Plaintiff breached and/or failed to perform the obligations, covenants and conditions required under any policy issued by Northbrook and/or any underlying policies thereto.

### Second Affirmative Defense
### SIR/Deductibles Not Exhausted

The Third-Party Complaint is barred to the extent that underlying insurance, underlying self-insured retentions and/or deductibles have not been exhausted.

### Third Affirmative Defense
### Prior Knowledge

The Third-Party Complaint is barred to the extent Third-Party Plaintiff seeks coverage under policies for any claims arising from conditions, perils, hazards, losses or liabilities that were known by the insured in whole or in part, before the inception of the alleged Northbrook policy.

7

### Fourth Affirmative Defense
### Fines

The Third-Party Complaint is barred to the extent that some or all of the matters for which coverage is sought are in the nature of fines, penalties, punitive damages or exemplary damages and said claims are barred by applicable policy provisions, applicable law and/or public policy.

### Fifth Affirmative Defense
### No Justiciable Controversy

The Third-Party Complaint is barred to the extent it does not set forth facts showing the existence of a justiciable controversy and, as such, it improperly seeks an advisory opinion and is not ripe for adjudication by this Court.

### Sixth Affirmative Defense
### Set-Off for Other Insurance/Allocation

The Third-Party Complaint is barred to the extent that, if any loss is deemed to be covered under the Northbrook policy and is also covered, in whole or in part, under any other insurance policies, the limits of liability of such policies shall, in accordance with the applicable terms, be reduced by, or be in excess of, any amounts due on account of such loss under such other insurance.

### Seventh Affirmative Defense
### Policy Limits

The Third-Party Complaint is barred to the extent any duty or obligation which Northbrook may have under the policy is limited by the applicable limits of liability or other provisions limiting the extent of liability in the policy, and such coverage obligations cease upon the exhaustion of the applicable limits of liability.

### Eighth Affirmative Defense
### Outside Terms and Periods of Policies

The Third-Party Complaint is barred to the extent it seeks coverage for any loss, damage or offenses which occurred, in whole or in part, outside the terms or periods of any policy issued by Northbrook and/or any underlying policies thereto.

### Ninth Affirmative Defense
### Insuring Agreement

The Third-Party Complaint is barred to the extent that Third-Party Plaintiff seeks coverage for matters which do not constitute an "occurrence" as that term is defined within or incorporated in any policy issued by Northbrook and/or any underlying policies thereto.

### Tenth Affirmative Defense
### Not an "Accident"

The Third-Party Complaint is barred to the extent Third-Party Plaintiff seeks coverage for any claims involving damages or injuries that were expected or intended, in whole or in part, or were not caused by an accident.

### Eleventh Affirmative Defense
### Intentional Acts

The Third-Party Complaint may be barred because there is no coverage under the subject policy for the claims alleged by Third-Party Plaintiff to the extent that the conduct which led to those claims was intentional, willful, deliberate, reckless, illegal or was in violation of public policy.

### Twelfth Affirmative Defense
### Terms and Conditions

The Third-Party Complaint is barred by and/or limited by and/or subject to the terms, exclusions, conditions, definitions, endorsements, and limits of liability and other terms and provisions of or incorporated into the policy issued by Northbrook.

### Thirteenth Affirmative Defense
### Pollution Exclusion

The Third-Party Complaint is barred to the extent that Third-Party Plaintiff seeks coverage for any claims excluded by the pollution exclusion contained within or incorporated in the policy issued by Northbrook and/or the underlying policies thereto.

### Fourteenth Affirmative Defense
### Uncollectible Insurance

The Third-Party Complaint is barred to the extent that Third-Party Plaintiff seeks coverage due to the uncollectibility and/or unavailability of underlying insurance.

### Fifiteenth Affirmative Defense
### Northbrook is Excess

The Third-Party Complaint may be barred because in the event Northbrook is adjudicated liable to provide coverage under any policies issued by Northbrook, such liability shall attach only in excess of all other insurance policies issued except such insurance policies as may have been issued to Plaintiff in order to provide coverage in excess of that provided under the policy issued by Northbrook.

10

### Sixteenth Affirmative Defense
### Underlying Policies Not Exhausted

The Third-Party Complaint may be barred to the extent the limits of liability of the underlying policies have not been properly exhausted in accordance with the terms of the policy issued by Northbrook.

### Seventeenth Affirmative Defense
### Other Valid and Collectible Insurance

The Third-Party Complaint may be barred because, to the extent other valid and collectible insurance is available to cover a loss allegedly covered by the Northbrook policy, the Northbrook policy shall operate in excess of, and not contribute with, such other insurance.

### Eighteenth Affirmative Defense
### Ultimate Net Loss

The Third-Party Complaint may be barred because until and unless the underlying insurers have paid or have been held liable to pay the full amount of their respective "ultimate net loss," there is no liability under the Northbrook excess policy referred to in the Third-Party Complaint.

### Nineteenth Affirmative Defense
### Legally Liable to Pay

The Third-Party Complaint is barred to the extent Northbrook can have no liability with respect to any claim prior to such time as Plaintiff is found legally liable to pay the amount of the underlying or retained limit on account of a covered loss.

### Twentieth Affirmative Defense
### Insufficient Notice

The Third-Party Complaint is barred to the extent Plaintiff failed to comply with all material terms and conditions of Northbrook's policy including, but not limited to, Plaintiffs'

11

failure to give timely or proper notice to Northbrook and Plaintiff's failure to timely or properly submit or assert a claim for coverage under the Northbrook policy.

### Twenty-First Affirmative Defense
### Failure to Mitigate

The Third-Party Complaint is barred to the extent that Plaintiff failed to mitigate, minimize or avoid the damage for which Plaintiff is seeking indemnity.  Alternatively, to the extent that this Court finds that any such damage is covered under any policy issued by Northbrook, any recovery against Northbrook must be reduced because of the failure to mitigate, minimize or avoid that damage.

### Twenty-Second Affirmative Defense
### Maintenance Clause

The Third-Party Complaint may be barred because there is no coverage under the Northbrook policy for the underlying claims to the extent that Plaintiff failed to maintain underlying insurance in full force and effect during any period of the Northbrook policy.

### Twenty-Third Affirmative Defense
### Duties In Event of an Occurrence

The Third-Party Complaint is barred or limited in whole or in part to the extent Plaintiff has not fulfilled its duties in event of an occurrence, claim, or suit.

### Twenty-Fourth Affirmative Defense
### Pre-Tender Costs

The Third-Party Complaint is barred, in whole or in part, to the extent that Plaintiff seeks coverage for any costs and expenses it has incurred in connection with the claims identified in the Third-Party Complaint prior to the insured tendering or providing notice of such claims to Northbrook.

### Twenty-Fifth Affirmative Defense
### Known Loss

The Third-Party Complaint is barred or limited in whole or in part to the extent the claims identified in the Complaint arose from an event, act, omission, occurrence, transaction, loss, or claim which was in progress or was not contingent or unknown at or before the issuance of the Northbrook policy.

### Twenty-Six Affirmative Defense
### No Action

The Third-Party Complaint is barred to the extent the amount of Plaintiff's obligation, if any, to pay has not been finally determined either by judgment after an actual trial or by written agreement of Plaintiff, any claimant and Northbrook.

### Twenty-Seventh Affirmative Defense
### Failure to Set Forth Claims with Particularity

Third-Party Plaintiff has failed to set forth its claims with sufficient particularity to allow Northbrook to raise all appropriate defenses and, therefore, Northbrook reserves its rights to amend and/or supplement this Answer with additional affirmative defenses.

### Twenty-Eight Affirmative Defense
### Prior Insurance, Non-Cumulation of Liability

To the extent Northbrook may otherwise have any liability to Third-Party Plaintiff pursuant to the alleged Northbrook policy, any such liability may be diminished or eliminated by terms and conditions relating to other insurance, prior insurance and non-cumulation of liability, and by similar provisions.

### Twenty-Ninth Affirmative Defense
### Policy Not Reached

The Third-Party Complaint is barred to the extent the amounts in controversy with respect to some or all claims described in the Third-Party Complaint are below the amounts that implicate the alleged Northbrook policy.

### Thirtieth Affirmative Defense
### Pre-Tender Costs

The Third-Party claims against Northbrook are barred to the extent that the Plaintiff released its claim for coverage under the alleged Northbrook Policies.

### PRAYER FOR RELIEF

WHEREFORE, NORTHBROOK requests that this Honorable Court enter judgment in favor of NORTHBROOK.  NORTHBROOK further requests that judgment be entered in this action:

(a) Dismissing AEGIS' Third Party Complaint against NORTHBROOK in its entirety;

(b) Declaring that NORTHBROOK has no duty to defend or indemnify under the terms of the NORTHBROOK policies at issue with respect to the matters set forth in AEGIS' Third Party Complaint;

(c) Awarding NORTHBROOK its attorneys fees, together with interest and costs incurred in the defense of this action to the extent permitted by law; and

(d) Such other and further relief this Court may deem just and proper.

Respectfully Submitted,

Allstate Insurance Company, solely as successor-in-interest to Northbrook Excess and Surplus Insurance Company formerly known as Northbrook Insurance Company

14

By: _____
        One of Its Attorneys