UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

NORTHERN STATES POWER COMPANY,

Plaintiff,

v.

Civil File No.: 10-CV-780

AEGIS INSURANCE SERVICES, INC. (a/k/a
   Associated Electric & Gas Insurance Services
   Limited),

**ANSWER OF ADMIRAL
INSURANCE COPMANY
TO AEGIS INSURANCE
SERVICES LIMITED
THIRD-PARTY
COMPLAINT**

Defendant.

AEGIS INSURANCE SERVICES, INC.
(a/k/a Associated Electric & Gas Insurance
Services Limited),

Third-Party Plaintiff,

v.

ADMIRAL INSURANCE COMPANY, et al.

Third Party Defendants

Third-Party Admiral Insurance Company ("Admiral") by and through its counsel

Mark W. Andrews and James S. Stickles, Jr., for its answer and affirmative defenses to

the third party complaint of AEGIS INSURANCE SERVICES, INC., a/ka Associated

Electric & Gas Insurance Services Limited ("AEGIS"), states and alleges as follows:

    1.    Northern States Power Company, a Wisconsin corporation ("NSPW"), has

filed this lawsuit against AEGIS. A copy of the Complaint served and filed by NSPW is

attached as Exhibit A.

    **ANSWER:**    Admiral admits the allegations contained in paragraph "1" of the

third party complaint.

2.      Plaintiff NSPW alleges that AEGIS issued certain liability insurance policies to NSPW during the period from 1981 to 1986. NSPW seeks coverage under the alleged AEGIS policies for costs and expenses allegedly incurred and/or to be incurred by NSPW in connection with the environmental investigation and/or remediation of a former manufactured gas plant site known as "Owen Park," located in Eau Claire, Wisconsin (the "Owen Park MGP" or the "Site."). NSPW also seeks a declaration of the rights and obligations of the parties under the AEGIS policies with regard to NSPW's actual or potential liabilities concerning the Site.

**ANSWER:**   Admiral admits the allegations contained in paragraph "2" of the third party complaint.

3.      Upon information and belief, the Owen Park MGP was in operation from approximately 1877 to 1902. NSPW has alleged that environmental damage at the Site has existed continuously since MGP operations at the Site began.

**ANSWER:**   Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "3" of the third party complaint.   To the extent this paragraph reasserts allegations set forth in NSPW's Complaint, that document speaks for itself and no response is therefore required.

4.      In its Answer to the Complaint, which is attached as Exhibit B, AEGIS denies that it has any obligation to NSPW under any policy issued by AEGIS for any costs incurred or to be incurred by NSPW concerning the Site. AEGIS also asserts certain defenses in its Answer, disputing that NSPW is entitled to any insurance coverage from AEGIS.

2

**ANSWER:**   The AEGIS Answer to the Complaint is a writing which has independent legal significance and speaks for itself such that no response is required.

5.    The Other Insurance clause in the AEGIS policies provides that "[i]f other valid and collectible insurance with any other insurer is available to the INSURED covering a loss also covered by this POLICY, other than insurance that is in excess of the insurance afforded by this POLICY, the insurance afforded by this POLICY shall be in excess of and shall not contribute with such other insurance."

**ANSWER:**   Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "5" of the third party complaint. Further answering, AEGIS's insurance policies, to the extent they are writings, have independent legal significance and speak for themselves.

6.    Upon information and belief, the Third-Party Defendants issued certain liability insurance policies to NSPW which may provide coverage for costs incurred or to be incurred by NSPW in connection with the environmental investigation or remediation of the Site.

**ANSWER:**   Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegation that other third party defendants issued certain liability insurance policies to NSPW that may cover NSPW's claim. Admiral denies that it issued any insurance policies to NSPW, but admits that NSPW was one of the named insureds on certain policies that it issued. Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegation that an Admiral policy may provide coverage as alleged in paragraph "6" of the third party complaint and therefore denies the same.

7.     In the event that it is determined that NSPW has a right to coverage under any AEGIS policy(ies) for costs incurred or to be incurred by NSPW in connection with the environmental investigation or remediation of the Site, AEGIS is entitled to contribution from the Third-Party Defendants for any amount that AEGIS is required to pay to NSPW.

**ANSWER:**    Paragraph "7" of the third party complaint is a legal conclusion to which no answer is required. To the extent an answer is required; Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "7" of the third party complaint and therefore denies the same.

8.     Third-Party Defendant Admiral Insurance Company is a Delaware corporation with its principal place of business located at 1255 Caldwell Road, Cherry Hill, New Jersey 08304. Admiral Insurance Company and/or its affiliated companies allegedly issued one or more insurance policies to NSPW which may provide coverage for the claims alleged in the Complaint, including, but not limited to: Policy Nos. 6CM0155 and 7CM0161.

**ANSWER:**    Admiral admits that it is a Delaware corporation and that its principal place of business is located at 1255 Caldwell Road, Cherry Hill, New Jersey 08304. Admiral denies that it, or an affiliated company, issued any insurance policies to NSPW. Admiral admits that it issued Policy Nos. 6 CM 0155 and 7 CM 0161 and that NSPW were made a named insured on each policy by endorsement effective at inception. Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegation that either policy may provide coverage for the claims alleged in the

4

Complaint as alleged in paragraph "8" of the third party complaint and therefore denies the same.

9.      Third-Party Defendant Northwest National Insurance Company, as successor-in-interest to Bellefonte Underwriters Insurance Company, is a Wisconsin corporation currently in rehabilitation c/o of the Wisconsin Office of the Commissioner of Insurance, located at 125 South Webster Street, Madison, Wisconsin 53703. Bellefonte Underwriters Company and/or its affiliated companies allegedly issued one or more insurance policies to NSPW which may provide coverage for the claims alleged in the Complaint, including, but not limited to: Policy Nos. XL-407274 and XL-361188.

**ANSWER:**    Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "9" of the third party complaint.

10.     Third-Party Defendant Century Indemnity Company, as successor to CIGNA Specialty Insurance Company (f/k/a California Union Insurance Company) ("California Union") is a Pennsylvania corporation with its principal place of business located at 436 Walnut Street, Philadelphia, Pennsylvania 19106. California Union and/or its affiliated companies allegedly issued one or more insurance policies to NSPW which may provide coverage for the claims alleged in the Complaint, including, but not limited to: Policy Nos. Z CV 00355, Z CV 004768, Z CV 005024, Z CV 005659 and Z CV 005660.

**ANSWER:**    Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "10" of the third party complaint.

11.     Third-Party Defendant Columbia Casualty Insurance Company is an Illinois corporation with its principal place of business located at CNA Center, 333 South Wabash Avenue, Chicago, Illinois 60604. Columbia Casualty Insurance Company and/or its affiliated companies allegedly issued one or more insurance policies to NSPW which may provide coverage for the claims alleged in the Complaint, including, but not limited to: Policy No. RDX 1863737.

**ANSWER:**   Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "11" of the third party complaint

12.     Third-Party Defendant Continental Insurance Company as successor-in-interest to Harbor Insurance Company is a Pennsylvania corporation with its principal place of business located at CNA Center, 333 South Wabash Avenue, Chicago, Illinois 60604. Harbor Insurance Company and/or its affiliated companies allegedly issued one or more insurance policies to NSPW which may provide coverage for the claims alleged in the Complaint, including, but not limited to: Policy Nos. 131670, 135360, 144820 and 148394.

**ANSWER:**   Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "12" of the third party complaint.

13.     Third-Party Defendant INSCO Insurance Group is a foreign corporation with its principal place of business located at 5511 Princess Anne Road, Virginia Beach, Virginia 23462. INSCO and its affiliated companies allegedly issued one or more

insurance policies to NSPW which may provide coverage for the claims alleged in the Complaint, including, but not limited to: Policy Nos. 2/0204, 2B2/0204, and 3B2/0204.

**ANSWER:**   Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "13" of the third party complaint.

14.     Third-Party Defendant Fairfax Financial Holdings Limited, as successor by runoff to TIG Insurance Company, which was a successor by merger to International Surplus Lines Insurance Company, is a foreign corporation with its principal place of business located at 250 Commercial Street, Manchester, New Hampshire 03101. International Surplus Lines Insurance Company and its affiliated companies allegedly issued one or more insurance policies to NSPW which may provide coverage for the claims alleged in the Complaint, including, but not limited to: Policy Nos. XS12874, XS12875 and XS14266.

**ANSWER:**   Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "14" of the third party complaint.

15.     Third-Party Defendants Certain Underwriters at Lloyd's London and Certain London Market Insurers subscribed to insurance and/or agreed to provide policies issued to NSPW by the following entities: INSCO, Ltd Britamco, Ltd., AG 1830, CNA Reinsurance of London Limited, Companie D'Assurance Maritimes Aeriennes Et Terrestress, The Dominion Insurance Company Limited, Eisen Und Stahl Ruckversicherung A.G., Compagnie Euro-Belge De Reassurances, Assicurazioni Generali Spa (UK Branch), Holladsche Vers. Van 1808 N.V. Companhia De Seguros

Imperio, S.A., Allianz International Insurance Company Limited, Storebrand Insurance Company (UK) Limited, Taisho Marine & Fire Insurance Company (Europe) Limited, The Tokio Marine & Fire Insurance Company (UK) Limited, Royale Belge Incendie Reassurance S.A. D'Assurances, The Sumitomo Marine And Fire Insurance Company, Limited, Turegum Insurance Company Limited, Unionamerica Insurance Company Limited, La Union Atlantique S.A., Continental Reinsurance Management Limited, St. Katherine Insurance Company PLC, Winterthur Swiss Insurance Company, Yasuda Fire and Marine Insurance Company (UK) Limited, Compagnie Europeenne D' Assurances Industrials S.A., La Agricola Sa De Seguros Y Reaseguros, Belge Industrielle A.N.M., Eurinco Allgemeine Versichcrungs Aktiengesellaschaft, Folksam International Insurance Co. (UK) Ltd., Hafez Insurance Co., and PLAR Pool) (collectively, the "London Market Insurers"). The London Market Insurers are, upon information and belief, citizens of one or more states of the United States and/or foreign countries, each of whom allegedly subscribed to certain policies and/or agreed to provide insurance coverage to NSPW which may provide coverage for the claims alleged in the Complaint, including but not limited to: Policy Nos. 54411, 54691, UMU 0581, UJL 1650, UJL 1651, UJL 1652, UKL 1552, UKL 1553, UKL 1554 and ULL 1354.

   **ANSWER:**   Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "15" of the third party complaint.

   16.   Third-Party Defendant Allstate Insurance Company, as successor-in-interest to Northbrook Excess & Surplus Insurance Company, (a/k/a Northbrook Insurance Company) ("Northbrook") is a Delaware corporation with its principal place of

8

business located at Allstate Plaza, 2775 Sanders Road, Northbrook, Illinois 60062. Northbrook and its affiliated companies allegedly issued one or more insurance policies to NSPW which may provide coverage for the claims alleged in the Complaint, including, but not limited to: Policy No. 63 001 595.

**ANSWER:**   Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "16" of the third party complaint.

17.   Third-Party Defendant Fairmont Specialty Insurance Company, as successor-in-interest to Ranger Insurance Company, is a foreign corporation with its principal place of business located at 10350 Richmond Avenue, Suite 300, Houston, Texas 77042. Ranger Insurance Company and its affiliated companies allegedly issued one or more insurance policies to NSPW which may provide coverage for the claims alleged in the Complaint, including, but not limited to: Policy Nos. EU 630364, EU 630365, EU 630366, EU 630386, EU200027, EU202378, EU202379, EU202435, EU202654 and EU 202776.

**ANSWER:**   Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "17" of the third party complaint.

18.   Third-Party Defendants St. Paul Mercury Insurance Company and St. Paul Fire and Marine Insurance Company (collectively "St. Paul") are Minnesota Corporations with their principal place of business located at 385 Washington Street, St. Paul, Minnesota 55102. St. Paul and its affiliated companies allegedly issued one or more insurance policies to NSPW which may provide coverage for the claims alleged in the

Complaint, including, but not limited to: Policy Nos. 566ZC7600, 566KK4200, 566XA1000, 566XB2500 and 566XC7500.

**ANSWER:**   Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "18" of the third party complaint.

19.   Upon information and belief, one or more other insurance companies may have issued insurance policies to NSPW which may provide coverage for the claims alleged in the Complaint, but the identity of those insurers is currently unknown to AEGIS.

**ANSWER:**   Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "19" of the third party complaint.

### AEGIS's FIRST CAUSE OF ACTION -- DECLARATORY JUDGMENT

20.   AEGIS repeats and realleges the allegations set forth in paragraphs 1-18 as though fully set forth herein.

**ANSWER:**   Admiral repeats and realleges its answers and responses to paragraphs 1-18 as though fully set forth herein.

21.   AEGIS seeks a declaration of the rights and obligations of the parties, including the Third-Party Defendants, under the policies of insurance issued by AEGIS and the Third-Party Defendants, with regard to NSPW's alleged obligation to perform and/or incur costs in connection with the environmental investigation and remediation of the Site.

**ANSWER:**   Admiral admits the allegation contained in paragraph "21" of the third party complaint.

22.     AEGIS seeks a declaration of the rights and obligations of the parties, including the Third-Party Defendants, for any claims asserted by NSPW concerning the Site.

**ANSWER:**   Admiral admits the allegation contained in paragraph "22" of the third party complaint.

23.     Declaratory relief would determine and establish the rights and obligations of all parties under the policies of insurance issued to NSPW by AEGIS and the Third-Party Defendants with respect to NSPW's environmental investigation and remediation of the Site and related costs.

**ANSWER:**   Admiral denies that it issued any policies of insurance to NSPW. The allegation of how determinative declaratory relief may be is a legal conclusion to which no response is required. To the extent a response is required Admiral denies the allegations of paragraph "23" of the third party complaint.

## AEGIS's SECOND CAUSE OF ACTION -- CONTRIBUTION

24.     AEGIS repeats and realleges the allegations set forth in paragraphs 1-22 as though fully set forth herein.

**ANSWER:**   Admiral repeats and realleges its answers and responses to paragraphs 1-22 as though fully set forth herein.

25.     To the extent that this Court determines that NSPW is entitled to coverage under any AEGIS policy and that AEGIS is liable to pay for the claims asserted in the Complaint (notwithstanding AEGIS' denial that any such coverage exists), AEGIS is

11

entitled to contribution from one or more of the Third-Party Defendants and all costs, expenses and amounts of any judgment should be apportioned among all other insurance available to NSPW, as well as among any time periods which are shown to be uninsured and/or self-insured periods.

**ANSWER:**   Paragraph "25" of the third party complaint contains legal conclusions to which no answer is required. To the extent an answer is required Admiral denies the allegations contained in paragraph "25" of the third party complaint.

## ADDITIONAL DEFENSES

### FIRST DEFENSE

26.   AEGIS's third party complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

27.   AEGIS fails to join all necessary and/or indispensable parties in the action.

### THIRD DEFENSE

28.   AEGIS's causes of action are barred, in whole or in part, by the equitable defenses of waiver, laches, estopple and unclean hands applicable to AEGIS and/or NSPW.

### FOURTH DEFENSE

29.   AEGIS's causes of action are barred to the extent that AEGIS does not establish that NSPW has complied with all conditions precedent to coverage under the Admiral policies.

**FIFTH DEFENSE**

30.     AEGIS's cause of action are barred to the extent that NSPW's  ultimate net loss, as finally allocated to Admiral's coverage periods,  does not exceed  NSPW's retained limit for the Admiral policies.

**SIXTH DEFENSE**

31.     AEGIS's causes of action are barred to the extent that NSPW has not elected which of the two Admiral insurance policies at issue will apply.

**SEVENTH DEFENSE**

32.     AEGIS's causes of action are barred to the extent that NSPW has not in fact paid to the claimant the full liability of its retention under an Admiral policy.

**EIGTH DEFENSE**

33.     AEGIS's causes of action are barred for costs incurred by NSPW after the claim appeared likely to NSPW to exceed an Admiral policy's retained limit, to the extent the costs were incurred without Admiral's consent.

**NINTH DEFENSE**

34.     AEGIS's causes of action are barred to the extent that the judgment or sum it paid to NSPW was not to indemnify ultimate net loss under the Admiral policies.

**TENTH DEFENSE**

35.     AEGIS's causes of action are barred to the extent they seek damages based upon the breach of a duty to defend NSPW. Admiral has no duty to defend NSPW.

## ELEVENTH DEFENSE

36.     AEGIS's causes of action are barred to the extent that NSPW's claim arises from events that do not constitute and occurrence within the meaning of the Admiral policies at issue.

## TWELTH DEFENSE

37.     AEGIS's causes of action are barred to the extent that NSPW's claim is not based upon bodily injury or property damage within the meaning of the Admiral policies at issue.

## THIRTEENTH DEFENSE

38.     AEGIS's causes of action are barred, in whole or in part, to the extent that the occurrence resulting in NSPW's claim took place outside of an Admiral policy period.

## FOURTEENTH DEFENSE

39.     AEGIS's causes of action are barred, in whole or in part, to the extent that the property damage resulting in NSPW's claim, took place outside of the Admiral policy period.

## FIFTEENTH DEFENSE

40.     AEGIS's causes of action are barred to the extent that NSPW has failed to comply with the cooperation condition of any Admiral policy at issue.

## SIXTEENTH DEFENSE

41.     AEGIS's causes of action are barred, in whole or in part, by virtue of the conditions of any Admiral policy at issues pertaining to other valid collectable insurance.

## SEVENTEENTH DEFENSE

42.     To the extent that NSPW's costs and expenses, as finally determined, result from a covered liability, such costs and expenses should be allocated based upon Admiral's time on the risk as the numerator and the duration of the occurrence as the denominator. To the extent such allocation does not exceed NSPW's retention, under the Admiral policies at issue, AEGIS's claim is barred.

## EIGHTEENTH DEFENSE

43.     AEGIS's causes of action are barred to the extent NSPW and or AEGIS entered into a voluntary agreement to pay or compromise a claim without the knowledge or consent of Admiral.

## NINETEENTH DEFENSE

44.     AEGIS's causes of action are barred to the extent that the claim is for sums that were incurred due to a failure to take reasonable steps to remediate, mitigate, minimize or limit loss or injury.

## TWENTIETH DEFENSE

45.     AEGIS's causes of action are barred to the extent that the alleged bodily injury or property damage falls within the Admiral policies pollution exclusions.

## TWENTY-FIRST DEFENSE

46.     AEGIS's causes of action are barred to the extent that NSPW's claim is excluded by the Admiral policies as property damage to property used, owned or occupied or rented by the insured.

15

## TWENTY-SECOND DEFENSE

47.     AEGIS's causes of action are barred to the extent that NSPW's claim is excluded by the Admiral policies at issue as property damage to premises alienated by the insured arising out of the premises or any part thereof.

## TWENTY-THIRD DEFENSE

48.     Admiral policy 6 CM 0155 was released with respect to any liability arising from loss occurring after May 2, 1977. To the extent that NSPW's claim is based upon liability arising from loss occurring after said date, AEGIS's causes of action are barred.

## TWENTY-FOURTH DEFENSE

49.     AEGIS's causes of action are barred, in whole or in part, by virtue of all applicable contractual language and limitations in the Admiral policies at issue, including the Terms, Conditions, Definitions, Exclusions and Endorsements.

## TWENTY-FIFTH DEFENSE

50.     As a further affirmative defense, allege that coverage pursuant to any policy issued by Admiral is precluded by the doctrine of fortuity.

**WHEREFORE,** Admiral respectfully requests that this Court issue an Order:

(a)     denying the request for a declaration of the rights and obligations of Admiral, with respect to NSPW's claim for coverage for costs incurred and to be incurred in connection with the environmental investigation and remediation of the Owen Park MGP;

(b)     denying the request for a declaration that, in the event that AEGIS is obligated to pay for claims asserted in the Complaint, AEGIS is entitled to contribution from Admiral;

16

(c)     denying AEGIS request for an award of costs and disbursements in connection with this action as against Admiral; and

(d)     granting such other relief as this Court deems just and proper.

**Winner, Wixson & Pernitz, LLC**

Dated: _5/24/11_                    By _____
                                         Mark W. Andrews

22 East Mifflin Street, Suite 702
P.O.Box 2626
Madison, WI 53701-2626
Telephone: 608- 257-0257
Facsimile: 608-257-0078
E-Mail: mandrews@wwplaw.net
SBN: 1007998
And

Stickles, LLC
James S. Stickles, Jr.
3385 N. Arlington Heights Rd., Suite E
Arlington Heights, IL 60004
Telephone: 847-398-9927
Facsimile: 847-398-9926
E-Mail jstickles@srm-law.com

ATTORNEYS FOR ADMIRAL INSURANCE COMPANY