UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NORTHERN STATES POWER COMPANY,

        Plaintiff,

vs.

                                           Case No. 10-CV-780

AEGIS INSURANCE SERVICES, INC.,

        Defendant and Third-Party Plaintiff,

vs.

ADMIRAL INSURANCE COMPANY; ALLSTATE
INSURANCE COMPANY, NORTHWEST NATIONAL
INSURANCE COMPANY, CENTURY INDEMNITY
COMPANY, COLUMBIA CASUALTY INSURANCE
COMPANY, CONTINENTAL INSURANCE COMPANY,
INSCO INSURANCE GROUP, FAIRFAX FINANCIAL
HOLDINGS LIMITED, CERTAIN UNDERWRITERS
AT LLOYD'S LONDON, CERTAIN LONDON MARKET
INSURERS, FAIRMONT SPECIALTY INSURANCE
COMPANY, ST. PAUL MERCURY INSURANCE
COMPANY AND ST. PAUL FIRE AND MARINE INSURANCE
COMPANY,

        Third-Party Defendants.

## CONTINENTAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S RULE 14(A) CLAIMS

Third-party defendant Continental Insurance Company, for its separate answer to plaintiff's Rule 14(a) claims, denies generally the allegations set forth therein, and otherwise pleads as follows:

1.     Continental admits, on information and belief, the allegations set forth in paragraph 1 of plaintiff's Rule 14(a) claims.

2.     Continental admits, on information and belief, the allegations set forth in paragraph 2 of plaintiff's Rule 14(a) claims.

3.     Continental alleges in response to the allegations set forth in paragraph 3 of plaintiff's Rule 14(a) claims that Columbia Casualty Company issued insurance policy number RDX 186 37 37 to Northern States Power Company, 44 Nicollet Mall, Minneapolis, Minnesota 55401, and that Harbor Insurance Company issued certain insurance policies to MWS Consultants, Inc., et al., and Risk Management Trust, et al., but otherwise Continental alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and therefore puts plaintiff to its strict proof thereof.

4.     Continental admits in response to the allegations set forth in paragraph 4 of plaintiff's Rule 14(a) claims that it has done business in Wisconsin.

5.     Continental acknowledges that plaintiff seeks damages and a defense together with declaratory relief in this action as set forth in paragraph 5 of plaintiff's Rule 14(a) claims, but otherwise Continental specifically denies a responsibility under its insurance policies to pay damages or provide a defense, whether as alleged in said paragraph or otherwise.

6.     Continental specifically denies that the claims involved in this action arise in Eau Claire County, Wisconsin, inasmuch as the Harbor policies were not issued in the said county or state.

7.    Continental admits that plaintiff is a Wisconsin corporation with a principal place of business located in Eau Claire, Wisconsin, that it is authorized to do business in Wisconsin and is a regulated entity, as set forth in paragraph 7 of plaintiff's Rule 14(a) claims, but otherwise Continental alleges that is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph and therefore puts plaintiff to its strict proof thereof.

8.    Continental alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of plaintiff's Rule 14(a) claims, and therefore puts plaintiff to its strict proof thereof.

9.    Continental alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of plaintiff's Rule 14(a) claims, and therefore puts plaintiff to its strict proof thereof.

10.    Continental admits the allegations set forth in paragraph 10 of plaintiff's Rule 14(a) claims except that Columbia Casualty's policy number RDX 186 37 37 was issued to Northern States Power Company, 44 Nicollet Mall, Minneapolis, Minnesota 55401.

11.    Continental admits the allegations set forth in paragraph 11 of plaintiff's Rule 14(a) claims, except that the Harbor policies were issued to MWS Consultants, Inc., et al., and to Risk Management Trust, et al.

12.    Continental admits the allegations set forth in paragraph 12 of plaintiff's Rule 14(a) claims.

13.     Continental alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of plaintiff's Rule 14(a) claims, and therefore puts plaintiff to its strict proof thereof.

14.     Continental specifically denies that venue is appropriate in this Court as set forth in paragraph 14 of plaintiff's Rule 14(a) claims, inasmuch as the negotiation for, and issuance of, the Harbor policies had no connection with western Wisconsin whatsoever.

15.     Continental admits that plaintiff seeks insurance coverage in this action for claims relating to the Owen Park MGP site as set forth in paragraph 15 of plaintiff's Rule 14(a) claims, but otherwise Continental specifically denies that its insurance policy or policies provide coverage for the said claims, whether as alleged in the said paragraph or otherwise.

16.     Continental admits the allegations set forth in paragraph 16 of plaintiff's Rule 14(a) claims.

17.     Continental alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of plaintiff's Rule 14(a) claims, and therefore puts plaintiff to its strict proof thereof.

18.     Continental alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of plaintiff's Rule 14(a) claims, and therefore puts plaintiff to its strict proof thereof.

19.     Continental admits the allegations set forth in paragraph 19 of plaintiff's Rule 14(a) claims.

20.     Continental alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of plaintiff's Rule 14(a) claims, and therefore puts plaintiff to its strict proof thereof.

21.     Continental alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of plaintiff's Rule 14(a) claims that damage has occurred at the site, and that the said damage has occurred continuously from operations at the site, and therefore puts plaintiff to its strict proof thereof, but otherwise Continental specifically denies that property damage and/or an occurrence has occurred within the meaning of the Harbor policies, whether as alleged in the said paragraph or otherwise.

22.     Continental specifically denies that the Columbia Casualty policy and the Harbor policies obligate Columbia Casualty or Continental to indemnify and defend plaintiff, and that property damage at the site has occurred within the coverage of the policies, whether as set forth in paragraph 22 of plaintiff's Rule 14(a) claims or otherwise.

23.     Continental specifically denies that Columbia Casualty's policy conditions or Harbor's policy conditions have been satisfied, waived, or are the subject of an estoppel in connection with the site, whether as set forth in paragraph 23 of plaintiff's Rule 14(a) claims or otherwise.

24.     Continental specifically denies exhaustion of underlying limits and attachment of the Columbia Casualty policy, or Harbor's policies, whether as set forth in paragraph 24 of plaintiff's Rule 14(a) claims or otherwise.

25.     Continental alleges that no answer is due in response to paragraph 25 of plaintiff's Rule 14(a) claims.

26.     Continental alleges in response to the allegations set forth in paragraph 26 of plaintiff's Rule 14(a) claims that the Harbor policies speak for themselves and are the best evidence of their terms, but otherwise Continental specifically denies that the Columbia Casualty policy or the Harbor policies provide coverage for the subject site, whether as set forth in the said paragraph or otherwise.

27.     Continental specifically denies that Columbia Casualty has manifested an intent to breach its policy, and further specifically denies that Continental has engaged in conduct manifesting an intent to breach the Harbor policies as set forth in paragraph 27 of plaintiff's Rule 14(a) claims, and Continental alleges that neither the Columbia Casualty policy, nor the Harbor policies, provide coverage for plaintiff's liabilities associated with the subject site.

28.     Continental acknowledges that plaintiff contends a controversy exists with respect to the Columbia Casualty policy and the Harbor policies as set forth in paragraph 28 of plaintiff's Rule 14(a) claims, but otherwise Continental alleges that Harbor's coverage is not controversial, and that not all parties with an interest in the outcome of this action have been named as parties thus thwarting the goal of declaratory judgment actions to terminate controversies entirely.

29.     Continental alleges that no answer is due in response to the allegations set forth in paragraph 29 of plaintiff's Rule 14(a) claims.

30. Continental specifically denies that Columbia Casualty has anticipatorily breached a contract with plaintiff, specifically denies that Continental has anticipatorily breached a contract with plaintiff, in regard to liabilities arising from the subject site, and Continental further specifically denies that it has caused damages entitling plaintiff to compensation, whether as set forth in paragraph 30 of plaintiff's Rule 14(a) claims or otherwise.

31. Continental specifically denies that plaintiff is entitled to recover attorney's fees in this action, whether as set forth in the "wherefore" clause of plaintiff's Rule 14(a) claims or otherwise.

## FIRST AFFIRMATIVE DEFENSE

32. Continental affirmatively alleges that plaintiff's Rule 14(a) claims fail to state a claim, in whole or in part, upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

33. Continental affirmatively alleges that plaintiff's Rule 14(a) claims fail to join all necessary and/or indispensable parties in the action.

## THIRD AFFIRMATIVE DEFENSE

34. Continental affirmatively alleges that plaintiff's causes of action are barred, in whole or in part, by the equitable defenses of waiver, laches, and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

35. Continental affirmatively alleges that plaintiff's causes of action are barred to the extent they seek coverage under the Harbor policies, or other relief, on behalf of an entity who is not an insured under the policies.

## FIFTH AFFIRMATIVE DEFENSE

36.     Continental affirmatively alleges that plaintiff's causes of action are barred, in whole or in part, to the extent they seek coverage for losses arising out of activities of any entity acquired after the Harbor policies expired.

## SIXTH AFFIRMATIVE DEFENSE

37.     Continental affirmatively alleges that plaintiff's causes of action are barred to the extent coverage is sought from Continental for matters other than for sums an insured has become legally obligated to pay as ultimate net loss by reason of liability for damages because of bodily injury, personal injury, or property damage caused by an occurrence.

## SEVENTH AFFIRMATIVE DEFENSE

38.     Continental affirmatively alleges that plaintiff's causes of action are barred to the extent they seek to impose a duty to defend on Continental.

## EIGHTH AFFIRMATIVE DEFENSE

39.     Continental affirmatively alleges that plaintiff's causes of action are barred to the extent there has been no property damage within the meaning of any Harbor policy.

## NINTH AFFIRMATIVE DEFENSE

40.     Continental affirmatively alleges that plaintiff's causes of action are barred to the extent they arise from events that do not constitute an occurrence within the meaning of any Harbor policy.

## TENTH AFFIRMATIVE DEFENSE

41.     Continental affirmatively alleges that plaintiff's causes of action are barred, in

whole or in part, to the extent that the alleged occurrence took place, or is deemed to have taken place, outside the policy period of any policy issued by Harbor.

## ELEVENTH AFFIRMATIVE DEFENSE

42.    Continental affirmatively alleges that plaintiff's causes of action are barred, in whole or in part, to the extent that the alleged property damage took place, or is deemed to have taken place, outside the policy period of any policy issued by Harbor.

## TWELFTH AFFIRMATIVE DEFENSE

43.    Continental affirmatively alleges that plaintiff's causes of action are barred to the extent that recovery is sought for sums that do not constitute damages within the meaning of any Harbor policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

44.    Continental affirmatively alleges that plaintiff's causes of action are barred to the extent that the sums for which insurance coverage is sought do not constitute ultimate net loss within the meaning of any Harbor policy.

## FOURTEENTH AFFIRMATIVE DEFENSE

45.    Continental affirmatively alleges that plaintiff's causes of action are barred to the extent insurance coverage is sought for sums not yet incurred.

## FIFTEENTH AFFIRMATIVE DEFENSE

46.    Continental affirmatively alleges that plaintiff's causes of action are barred to the extent insurance coverage is sought for property damage to property owned by any insured.

## SIXTEENTH AFFIRMATIVE DEFENSE

47.     Continental affirmatively alleges that plaintiff's causes of action are barred to the extent insurance coverage is sought for liability for property damage expected by the insured or caused intentionally by or at the direction of any insured.

## SEVENTEENTH AFFIRMATIVE DEFENSE

48.     Continental affirmatively alleges that plaintiff's causes of action are barred, in whole or in part, to the extent the allegations seek coverage for liability that falls within the pollution exclusion contained in any policy issued by Harbor.

## EIGHTEENTH AFFIRMATIVE DEFENSE

49.     Continental affirmatively alleges that plaintiff's causes of action are barred to the extent there has been a failure to comply with the notice condition of any Harbor policy.

## NINETEENTH AFFIRMATIVE DEFENSE

50.     Continental affirmatively alleges that plaintiff's causes of action are barred to the extent there has been a failure to comply with the cooperation condition of any Harbor policy.

## TWENTIETH AFFIRMATIVE DEFENSE

51.     Continental affirmatively alleges that plaintiff's causes of action are barred, in whole or in part, by virtue of the conditions of any Harbor policy pertaining to the application of other valid and collectible insurance.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

52.     Continental affirmatively alleges that plaintiff's causes of action are barred, in

whole or in part, to the extent that coverage is sought for costs incurred prior to the date that notice of the subject claims was provided to Continental.

TWENTY-SECOND AFFIRMATIVE DEFENSE

53.   Continental affirmatively alleges that plaintiff's causes of action are barred to the extent insurance coverage is sought for property that any insured knew was already damaged at the inception of any Harbor policy.

TWENTY-THIRD AFFIRMATIVE DEFENSE

54.   Continental affirmatively alleges that plaintiff's causes of action are barred, in whole or in part, because there is no coverage under any Harbor policy for losses that are not fortuitous.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

55.   Continental affirmatively alleges that plaintiff's causes of action are barred, in whole or in part, to the extent that coverage is sought for liability that arises from an accident, event, act, or exposure to conditions that was in progress or was known on or before the date of the issuance or renewal of any policy issued by Harbor.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

56.   Continental affirmatively alleges that to the extent that coverage may exist under any policy issued by Harbor, the existence of such coverage being specifically denied, and in the event Continental is found liable for some portion of the causes of action asserted in the complaint, all costs, expenses and amounts of any judgment should be apportioned among all other insurance available to plaintiff, as well as to any additional time periods which are shown to be uninsured and/or self-insured periods, as well as any

time periods where insurance has not been shown to exist.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

57.     Continental affirmatively alleges that plaintiff's causes of action are barred
pursuant to principles of *res judicata* and/or collateral estoppel according to the final
judgment entered in *St. Paul Mercury Insurance Co. v. Northern States Power Co.,*
Hennepin County (Minnesota) District Court File Number 27-CV-03-017809, *aff'd,*
Appellate Court File Number A07-1775 (Minn. Ct. App., August 25, 2009).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

58.     Continental affirmatively alleges that plaintiff's causes of action are barred to
the extent there has been a voluntary agreement to pay or compromise a claim without the
consent of Continental.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

59.     Continental affirmatively alleges that plaintiff's causes of action are barred to
the extent insurance coverage is sought for sums that were incurred due to a failure to
take reasonable steps to mitigate, minimize, or avoid the loss or injury.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

60.     Continental affirmatively alleges that plaintiff's causes of action are barred, in
whole or in part, by virtue of a failure to exhaust the underlying limits/self insured retentions
within the meaning of any Harbor policy.

## THIRTIETH AFFIRMATIVE DEFENSE

61.     Continental affirmatively alleges that plaintiff's causes of action are barred to
the extent recovery is sought for awards in excess of the per occurrence and/or aggregate

limits, contained in any Harbor policy.

THIRTY-FIRST AFFIRMATIVE DEFENSE

62.    Continental affirmatively alleges that plaintiff's causes of action are barred to the extent any applicable insured (including its brokers, agents, or other representative) concealed, misrepresented, or failed to disclose material facts existing as of the inception of any policy issued by Harbor for the purpose of inducing Harbor to issue or renew any policy.

THIRTY-SECOND AFFIRMATIVE DEFENSE

63.    Continental affirmatively alleges that plaintiff's causes of action are barred, in whole or in part, to the extent any language in any Harbor policy limits the insured's right to recovery under more than one Harbor policy.

THIRTY-THIRD AFFIRMATIVE DEFENSE

64.    Continental affirmatively alleges that plaintiff's causes of action are barred, in whole or in part, by the applicable statute of limitations.

THIRTY-FOURTH AFFIRMATIVE DEFENSE

65.    Continental affirmatively alleges that plaintiff's causes of action are barred, in whole or in part, by operation of the terms, conditions and exclusions contained in any policy to which the Harbor policy or policies follow form.

THIRTY-FIFTH AFFIRMATIVE DEFENSE

66.    Continental affirmatively alleges that plaintiff's causes of action are barred, in whole or in part, to the extent that the alleged property damage was caused by or arose out of the noncompliance with or violation of any statute, ordinance, regulation, or instruction of

any governmental entity or public policy.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

67.    Continental affirmatively alleges that plaintiff's causes of action are barred, in whole or in part, to the extent that insurance coverage is sought for fines or penalties.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

68.    Continental affirmatively alleges that plaintiff's causes of action are barred to the extent any Harbor policy is exhausted by prior claims.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

69.    Continental affirmatively alleges that plaintiff's causes of action are barred, in whole or part, to the extent that there has been a breach of the warranty condition in any Harbor policy.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

70.    Continental affirmatively alleges that plaintiff's causes of action are barred, in whole or in part, by virtue of all applicable contractual language and limitations in the Harbor policies, including the Terms, Conditions, Definitions, Exclusions, and Endorsements.

## FORTIETH AFFIRMATIVE DEFENSE

71.    Continental affirmatively alleges that plaintiff's causes of action are barred by operation of the doctrines of release, payment, and accord and satisfaction.

## FORTY-FIRST AFFIRMATIVE DEFENSE

72.    Continental affirmatively alleges that the defenses set forth in its answer cannot be an exhaustive list of all affirmative defenses ultimately applicable, because discovery may disclose facts supporting additional defenses and Continental specifically reserves and preserves

such defenses without waiver.

**WHEREFORE,** Continental Insurance Company prays that plaintiff's Rule 14(a) claims be dismissed with prejudice and on the merits, and that it receive a judgment against plaintiff for its costs and disbursements incurred herein.

Dated: May 26, 2011

Lind, Jensen, Sullivan & Peterson
A Professional Association

Thomas D. Jensen, I.D. No. 1034431
Attorneys for Continental Insurance Company
150 South Fifth Street, Suite 1700
Minneapolis, Minnesota 55402
(612) 333-3637