UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NORTHERN STATES POWER COMPANY,

    Plaintiff,

v.                                                                                    Case No: 10-CV-780

AEGIS INSURANCE SERVICES, INC.,

    Defendant.

AEGIS INSURANCE SERVICES, INC.

    Third-Party Plaintiff,

v.

ADMIRAL INSURANCE COMPANY; ALLSTATE INSURANCE COMPANY, NORTHWEST NATIONAL INSURANCE COMPANY, CENTURY INDEMNITY COMPANY, COLUMBIA CASUALTY INSURANCE COMPANY, CONTINENTAL INSURANCE COMPANY, INSCO INSURANCE GROUP, FAIRFAX FINANCIAL HOLDINGS LIMITED, CERTAIN UNDERWRITERS AT LLOYD'S LONDON, CERTAIN LONDON MARKET INSURERS, FAIRMONT SPECIALTY INSURANCE COMPANY; ST. PAUL MERCURY INSURANCE COMPANY, and ST. PAUL FIRE AND MARINE INSURANCE COMPANY,

    Third-Party Defendants.

**THIRD PARTY DEFENDANT ADMIRAL INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO NORTHERN STATES POWER COMPANY'S RULE 14(a) CLAIM, CROSS-CLAIM AGAINST THIRD-PARTY DEFENDANTS AND ANSWER TO TIG INSURANCE COMPANY'S CROSS CLAIM AND FAIRMONT SPECIALTY INSURANCE COMPANY'S CROSS-CLAIMS**

Admiral Insurance Company ("Admiral") by and through its attorneys Mark. J. Andrews and James S. Stickles, Jr. in response to Northern States Power Company, a Wisconsin corporation's ("NSPW") Rule 14(a) Claim and cross-claim against third party defendants states as follows:

1. Paragraph 1 of NSPW's Rule 14(a) Claim characterizes of the nature of the Rule 14(a) Claim to which no response is required. To the extent a response is required, Admiral admits that this is an insurance coverage action but Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of whether NSPW has legal obligations arising out of environmental concerns at the area of a former manufactured gas plant in Eau Claire, Wisconsin and therefore demands strict proof thereof.

2. Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of allegations contained within paragraph 2 of NSPW's Rule 14(a) Claim and therefore demands strict proof thereof.

3. Admiral denies that it issued any policy to NSPW as alleged in paragraph 3 of NSPW's Rule 14(a) Claim, but admits that NSPW was made one of the named insureds, by endorsement, on two insurance policies issued by Admiral, Policy Nos. 6 CM 0155 and 7 CM 0161. Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity whether the other alleged insurers issued policies to and/or for the benefit of NSPW.

4. Admiral admits the allegation of paragraph 4 of NSPW's Rule 14(a) Claim that Admiral does business in Wisconsin. Admiral has no knowledge thereof

sufficient to form a belief as to the truth or falsity whether the other alleged insurers do substantial business in Wisconsin.

5. Paragraph 5 of NSPW's Rule 14(a) Claim is a characterization of the relief it seeks, including damages and declaratory relief, to which no response is required. The pleading speaks for itself. To the extent a response is required, Admiral admits NSPW states the nature of the relief it seeks but denies that Admiral has a responsibility under its insurance policies to pay damages or provide a defense.

6. Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations contained within paragraph 6 of NSPW's Rule 14(a) Claim concerning the location of the alleged environmental damage that resulted in NSPW's claim and demands strict proof thereof, but further responding, Admiral denies that the NSPW's insurance coverage claim arose in Eau Claire County, Wisconsin, inasmuch as the Admiral Insurance Policies were issued in Minneapolis, Hennepin County, Minnesota and Chicago, Cook County, Illinois and claim activity on behalf of the policy holder was to be directed to those locations and no negotiations for the policies took place in Wisconsin.

7. Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the facts alleged in paragraph 7 of NSPW's Rule 14(a) Claim.

8. Admiral denies that it issued any insurance policy, including Policy Nos. 6 CM 0155 and 7 CM 0161 ("Admiral Insurance Policies") to NSPW. Admiral admits that NSPW was made one of the named insureds, by endorsement

effective at inception, on Policy No. 6 CM 0155, that was delivered to Northern States Power Company at 414 Nicollet Mall, Minneapolis, Minnesota. Admiral denies that NSPW is one of the named insureds on Policy No. 7 CM 0161 that was delivered to C.S.L., INC. at 55 East Monroe Street, Chicago, Illinois. Admiral admits the remaining allegation of paragraph 8 of NSPW's Rule 14(a) Claim.

9. Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 of NSPW's Rule 14(a) Claim..

10. Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of NSPW's Rule 14(a) Claim.

11. Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 of NSPW's Rule 14(a) Claim.

## JURISDICTION

12. Admiral admits the allegations of paragraph 12 of NSPW's Rule 14(a) Claim.

13. Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13 of NSPW's Rule 14(a) Claim..

14. Admiral denies that venue is appropriate in this Court as set forth in paragraph 14 of NSPW's Rule 14(a) Claim inasmuch as the negotiation for, and delivery and place of performance of the Admiral Insurance Policies was not Wisconsin.

## ENVIRONMENTAL CLAIMS

15. Paragraph 15 of NSPW's Rule 14(a) Claim is a statement of the nature of the relief it seeks to which no response is required. To the extent a response is required Admiral admits that NSPW seeks insurance coverage for claims relating to the Owen Park MGP site.

16. Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the matters alleged in paragraph 16 of NSPW's Rule 14(a) Claim and therefore denies the same and demands strict proof thereof.

17. Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the matters alleged in paragraph 17 of NSPW's Rule 14(a) Claim and therefore denies the same and demands strict proof thereof.

18. Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the matters alleged in paragraph 18 of NSPW's Rule 14(a) Claim and therefore denies the same and demands strict proof thereof.

19. Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the matters alleged in paragraph 19 of NSPW's Rule 14(a) Claim and therefore denies the same and demands strict proof thereof.

20. Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the matters alleged in paragraph 20 of NSPW's Rule 14(a) Claim and therefore denies the same and demands strict proof thereof.

21. Paragraph 21 of NSPW's Rule 14(a) Claim contains legal conclusions as what constitutes property damage and an occurrence under the Admiral Insurance Policies, to which no response is required. To the extent a response is

required, Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the facts alleged and therefore denies the same and demands strict proof thereof. Further responding Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the facts and conclusions alleged as to other insurers' policies.

22. The allegations of Paragraph 22 of NSPW's Rule 14(a) Claim are legal conclusions. The Admiral Insurance Policies are written instruments that speak for themselves such that no response is required. To the extent a response is required Admiral denies the allegations of Paragraph 22 of NSPW's Rule 14(a) Claim that are directed to Admiral. Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the facts and conclusions alleged as to other insurers' policies.

23. Admiral denies the allegations of paragraph 23 of NSPW's Rule 14(a) Claim directed to Admiral. Further answering Admiral denies that NSPW has complied with the Admiral Insurance Company Policies' conditions requiring timely notice of claim, that NSPW obtain Admiral's consent prior to incurring costs and expenses for which NSPW seeks indemnity, that NSPW cooperate with Admiral as required by the Admiral Insurance Policies and that NSPW has satisfied its retentions as required by the Admiral Insurance Policies. Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the facts and conclusions alleged as to other insurers' policies.

24. Admiral denies the allegations of paragraph 24 of NSPW's Rule 14(a) Claim.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

25. Admiral incorporates as if fully set forth herein the responses to paragraphs 1 through 24 of NSPW's Rule 14(a) Claim, above.

26. Admiral admits, as stated in response to preceding paragraphs, that it issued the Admiral Insurance Policies, and that Policy Number 6 CM 0155 includes NSPW as one of the named insureds. Admiral denies that NSPW is a named insured on Policy Number 7 CM 0161. Admiral admits and that by this pleading NSPW contends that the Admiral Insurance Policies provide coverage for the investigation and remediation of property damage at the Owen Park MGP Site. Admiral does not admit that NSPW's contention is correct. Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations directed to the other insurers.

27. Admiral denies the allegations of paragraph 27 of the NSPW's Rule 14(a) Claim directed to Admiral. Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations directed to the other insurers.

28. Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of NSPW's allegations concerning the claim arising out of the Owen Park MGP site, and therefore denies that an actual controversy exists as to Admiral Insurance Company. Admiral has no knowledge thereof sufficient to form a belief as to whether an actual controversy exists between NSPW and the other third party defendant insurers. Admiral denies that NSPW's Rule 14(a) Claim names all parties with an interest in the present controversy and

that the declaratory relief it seeks would terminate the controversy giving rise to this controversy.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

29. Admiral incorporates as if fully set forth herein the responses to the allegations of paragraphs 1 through 28 above.

30. Admiral denies the allegations of paragraph 30 of NSPW's Rule 14(a) Claim that are directed to Admiral. Admiral has no knowledge thereof sufficient to form a belief as to the truth or falsity of the allegations directed to the other insurers.

31. Admiral denies that NSPW is entitled to recover attorney's fees in this action.

## FIRST DEFENSE

32. NSPW's causes of action fail to state a claim, in whole or in part, upon which relief can be granted.

## SECOND DEFENSE

33. NSPW's causes of action fail to join all necessary and/or indispensable parties.

## THIRD DEFENSE

34. NSPW's causes of action are barred, in whole or in part, by the equitable defenses of waiver, laches, estopple and unclean hands.

## FOURTH DEFENSE

35. NSPW's causes of action are barred to the extent that NSPW has not complied with all conditions precedent to coverage under the Admiral policies.

## FIFTH DEFENSE

36. NSPW's cause of action are barred to the extent that NSPW's ultimate net loss, as finally determined and allocated to Admiral's coverage periods, does not exceed NSPW's retained limit for the Admiral policies.

## SIXTH DEFENSE

37. AEGIS's causes of action are barred to the extent that NSPW has not elected which of the two Admiral Insurance Policies at issue will apply, in accordance with the provisions of policy no. 6 CM 0155.

## SEVENTH DEFENSE

38. AEGIS's causes of action are barred to the extent that NSPW has not in fact paid to the claimant the full liability of its retention under an Admiral Insurance Policy.

## EIGTH DEFENSE

39. AEGIS's causes of action are barred for costs incurred by NSPW after the claim appeared likely to NSPW to exceed an Admiral policy's retained limit, to the extent the costs were incurred without Admiral's consent.

### NINTH DEFENSE

40. NSPW's causes of action are barred to the extent that the claims are for paid costs and expenses that are not ultimate net loss under the Admiral Insurance Policies.

### TENTH DEFENSE

41. NSPW's causes of action are barred to the extent they seek damages based upon the breach of a duty to defend. Admiral has no duty to defend NSPW.

### ELEVENTH DEFENSE

42. NSPW's causes of action are barred to the extent that the claims arise from events that are not an "occurrence" within the meaning of the Admiral Insurance Policies.

### TWELTH DEFENSE

43. NSPW's causes of action are barred to the extent that the claims do not seek indemnity for damages resulting from legal liability for "bodily injury" or "property damage" within the meaning of the Admiral Insurance Policies.

### THIRTEENTH DEFENSE

44. NSPW's causes of action are barred, in whole or in part, to the extent that the occurrence resulting in the claims took place outside of an Admiral Insurance Policy period.

### FOURTEENTH DEFENSE

45. NSPW's causes of action are barred, in whole or in part, to the extent that the property damage resulting in the claims, took place outside of the Admiral policy period.

### FIFTEENTH DEFENSE

46. NSPW's causes of action are barred to the extent that NSPW has failed to comply with the cooperation condition of any Admiral policy at issue.

### SIXTEENTH DEFENSE

47. NSPW's causes of action are barred, in whole or in part, by virtue of the conditions of any Admiral policy at issue pertaining to other valid collectable insurance.

### SEVENTEENTH DEFENSE

48. To the extent that NSPW's costs and expenses, as finally determined, result from a covered liability, such costs and expenses should be allocated based upon Admiral's time on the risk as the numerator and the duration of the occurrence as the denominator. To the extent such allocation does not exceed NSPW's retention, under the Admiral policies at issue, NSPW's claim is barred.

### EIGHTEENTH DEFENSE

49. NSPW's causes of action are barred to the extent NSPW entered into a voluntary agreement to pay or compromise a claim without the knowledge or consent of Admiral.

### NINETEENTH DEFENSE

50. NSPW's causes of action are barred to the extent that the claim is for sums that were incurred due to a failure to take reasonable steps to remediate, mitigate, minimize or limit loss or injury.

## TWENTIETH DEFENSE

51. NSPW's causes of action are barred to the extent that the alleged bodily injury or property damage falls within the Admiral Insurance Policies pollution exclusions.

## TWENTY-FIRST DEFENSE

52. NSPW's causes of action are barred to the extent that the claims are excluded by the Admiral Insurance Policies as property damage to property used, owned or occupied or rented by the insured.

## TWENTY-SECOND DEFENSE

53. NSPW's causes of action are barred to the extent that the claims are excluded by the Admiral Insurance Policies at issue as property damage to premises alienated by the insured arising out of the premises or any part thereof.

## TWENTY-THIRD DEFENSE

54. Admiral policy 6 CM 0155 was released with respect to any liability arising from loss occurring after May 2, 1977. To the extent that NSPW's claim is based upon liability arising from loss occurring after said date, the causes of action are barred.

## TWENTY-FOURTH DEFENSE

55. NSPW's causes of action are barred to the extent that they are based upon property damage or loss that was not fortuitous.

### TWENTY-FIFTH DEFENSE

56. NSPW's causes of action are barred to the extent coverage is sought for an occurrence that was in progress or known on or before the date that an Admiral Insurance Policy was issued.

### TWENTY-SIXTH DEFENSE

57. NSPW's causes of action are barred to the extent that they seek coverage for loss arising out of activities of any entity, or its predecessor, if the entity was acquired after the expiration of the Admiral Insurance Policies.

### TWENTY-SEVENTH DEFENSE

58. NSPW's causes of action are barred to the extent that NSPW has already selected another insurer to satisfy its claims.

### TWENTY-EIGHTH DEFENSE

59. Admiral affirmatively alleges that the defenses set forth in its answer are not an exhaustive list of all affirmative defenses ultimately applicable, because discovery may disclose additional defenses and Admiral reserves and preserves such defenses without waiver.

### TWENTY-NINTH DEFENSE

60. NSPW's causes of action are barred, in whole or in part, by virtue of all applicable contractual language and limitations in the Admiral policies at issue, including the Terms, Conditions, Definitions, Exclusions and Endorsements.

## ADMIRAL'S COUNTERCALIM AGAINST RULE 14(a) CLAIMANT NSPW AND CROSS CLAIM AGAINST ALL THIRD PARTY DEFENDANTS

For its counterclaim against Rule 14(a) Claimant NSPW and its cross-claim against all other Third-Party Defendants, Admiral Insurance Company states as follows:

1. Admiral re-alleges as though fully set forth herein its Answer and Affirmative Defenses to the AEGIS Third-Party Complaint and the NSPW Rule 14(a) Claim and asserts a counterclaim against Rule 14(a) Claimant NSPW and a cross-claim against all other third-party defendants named in AEGIS Third-Party Complaint, excepting Insco Insurance Group, and NSPW's Rule 14(a) Claim seeking contribution, indemnification, subrogation, and/or equitable subrogation to the extent that Admiral is found liable to pay more than its fair share of damages on behalf of NSPW.

## ADMIRAL INSURANCE COMPANY'S ANSWER TO THE CROSS CLAIMS OF TIG INSUARNCE COMPANY AND FAIRFAX SPECIALTY INSURANCE COMPANY'S CROSS-CLAIM

1. Admiral Insurance Company denies that it is liable for the cross-claims of TIG Insurance Company or Fairfax Specialty Insurance Company for contribution, indemnification or subrogation, equitable or otherwise.

WHERFORE, third-party, cross-defendant Admiral Insurance Company, prays for judgment as follows:

1. Judgment in favor of Third-Party Defendant, Cross-Defendant Admiral Insurance Company and against Rule 14(a) Claimant NSPW and Cross-Claimants TIG Insurance Company and Fairfax Specialty Insurance

Company, dismissing NSPW's, TIG Insurance Company's and Fairfax Specialty Insurance Company's claims against Admiral with prejudice;

2. A declaration that Admiral Insurance Company has no obligation for the payment of defense costs or indemnity of NSPW arising out of environmental damage at or near the Owen Park MGP site.

3. In the alternative, a declaration of the rights of all parties pursuant to the subject insurance policies, NSPW's retentions and periods when NSPW had no collectable with respect to the environmental contamination at or near the OWEN Park MGP located in Eau Claire, Wisconsin:

4. An award to Admiral of its attorney's fees, costs and disbursements; and

5. Such other relief as the Court deems just and proper.

Dated May 31, 2011

WINNER, WIXSON & PERNITZ

By: _____
Mark W. Andrews (SBN: 01007998)
Attorneys for Admiral Insurance Company

22 East Mifflin Street, Suite 702
P.O. Box 2626
Madison, WI 53701-2626
608/257-0257
608-257-0078 - FAX

Attorney James S. Stickles, Jr.
Stickles LLC
Suite E, 3385 North Arlington Heights Road
Arlington Heights, IL   60004