UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NORTHERN STATES POWER COMPANY,

        Plaintiff,

v.                                                                                  Civil File No.: 10-cv-780

AEGIS INSURANCE SERVICES, INC. (a/k/a      **AEGIS'S ANSWER TO TIG**
Associated Electric & Gas Insurance Services Limited),   **INSURANCE COMPANY'S**
                                                                                                      **COUNTERCLAIM**

        Defendant.

AEGIS INSURANCE SERVICES, INC.
(a/k/a) Associated Electric & Gas Insurance
Services Limited),

        Third-Party Plaintiff,

v.

ADMIRAL INSURANCE COMPANY; ALLSTATE
INSURANCE COMPANY (as successor-in-interest to
Northbrook Excess & Surplus Insurance Company
f/k/a as Northbrook Insurance Company);
NORTHWEST NATIONAL INSURANCE COMPANY
(as successor-in-interest to Bellefonte Insurance
Company); CENTURY INDEMNITY COMPANY (as
successor-in-interest to CIGNA Specialty Insurance
Company f/k/a California Union Insurance Company);
COLUMBIA CASUALTY INSURANCE
COMPANY; CONTINENTAL INSURANCE
COMPANY (as successor-in-interest to Harbor
Insurance Company); INSCO INSURANCE GROUP;
FAIRFAX FINANCIAL HOLDINGS LIMITED (as
successor-in-interest to TIG as successor to
International Surplus Lines Insurance Company);
CERTAIN UNDERWRITERS AT LLOYD'S
LONDON and CERTAIN LONDON MARKET
INSURERS (including INSCO Ltd., Britamco, Ltd. AG
1830, CNA Reinsurance of London Limited,
Compagnie D'Assurances Maritimes Aeriennes Et
Terrestres, The Dominion Insurance Co. Ltd., Eisen
Und Stahl Ruckversicherung A.G., Compagnie Euro-

Belge De Reassurances, Assicurazioni Generali Spa (UK Branch), Hollandshe Vers. Van 1808 N.V., Companhia De Seguros Imperio S.A., Allianz International Insurance Co., Ltd., Storebrand Insurance Co., (UK) Ltd., Taisho Marine & Fire Insurance Co. (Europe) Ltd., The Tokio Marine & Fire Insurance Co. (UK) Ltd., Royale Belge Incendie Reassurance S.A. D'Assurances, The Sumitomo Marine And Fire Insurance Co., Ltd., Turegum Insurance Co., Ltd., Unionamerica Insurance Co., Ltd., La Union Atlantique S.A., Continental Reinsurance Management Ltd., St. Katherine Insurance Co. PLC, Winterthur Swiss Insurance Co., Yasuda Fire and Marine Insurance Co. (UK) Ltd., Compagnie Europeenne D'Assurances Industrielles S.A., La Agricola Sa De Seguros Y Reaseguros, Belge Industrielle A.N.M., Eurinco Allgemeine Versicherungs Aktiengesellschaft, Folksam International Insurance Co. (UK) Ltd., Hafez Insurance Co., PLAR Pool); FAIRMONT SPECIALTY INSURANCE COMPANY (as successor-in-interest to Ranger Insurance Company); ST. PAUL MERCURY INSURANCE COMPANY, and ST. PAUL FIRE AND MARINE INSURANCE COMPANY,

      Third-Party Defendants.

Defendant and Third-Party Plaintiff ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED ("AEGIS"), by its attorneys, Axley Brynelson, LLP and Schulte Roth & Zabel LLP, for its Answer to TIG Insurance Company's Counterclaim, denies generally the allegations set forth therein, and otherwise pleads as follows:

    1.  AEGIS denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 of the counterclaim, except that AEGIS denies that it is liable to make any payment to TIG Insurance Company whether in contribution, indemnification, subrogation, equitable subrogation or otherwise.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

2. The counterclaim fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

3. The counterclaim fails to join all necessary and/or indispensable parties.

### THIRD AFFIRMATIVE DEFENSE

4. The counterclaim is barred, in whole or part, by the equitable defenses of waiver, laches, estoppel and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

5. The counterclaim is barred to the extent that it seeks contribution or other relief under the AEGIS policies at issue on behalf of an entity or person who is not an insured under the AEGIS policies at issue.

### FIFTH AFFIRMATIVE DEFENSE

6. The counterclaim is barred, in whole or in part, to the extent that it seeks contribution or other relief with regard to losses arising out of activities of any entity acquired by an insured under the AEGIS policies at issue after all or part of the policy period of any such AEGIS policy.

### SIXTH AFFIRMATIVE DEFENSE

7. The counterclaim is barred to the extent that it seeks contribution or other relief for matters other than for sums an insured has become legally obligated to

pay as ultimate net loss by reason of liability for damage because of bodily injury, personal injury or property damage caused by an occurrence.

## SEVENTH AFFIRMATIVE DEFENSE

8. The counterclaim is barred to the extent that it seeks to impose a duty to defend on AEGIS because AEGIS has no duty to defend under any of the policies issued by AEGIS.

## EIGHTH AFFIRMATIVE DEFENSE

9. The counterclaim is barred to the extent that it seeks contribution or other relief for matters other than for loss due to bodily injury, personal injury or property damage within the meaning of the AEGIS policies.

## NINTH AFFIRMATIVE DEFENSE

10. The counterclaim is barred to the extent that the claims do not arise from events that constitute an occurrence within the meaning of the AEGIS policies.

## TENTH AFFIRMATIVE DEFENSE

11. The counterclaim is barred, in whole or in part, to the extent that the alleged occurrence took place, or is deemed to have taken place, outside the policy period of any of the AEGIS policies at issue.

## ELEVENTH AFFIRMATIVE DEFENSE

12. The counterclaim is barred, in whole or in part, to the extent that the alleged property damage took place, or is deemed to have taken place, outside the policy period of any of the AEGIS policies at issue.

## TWELFTH AFFIRMATIVE DEFENSE

13. The counterclaim is barred to the extent that recovery is sought for sums that do not constitute damages with the meaning of the AEGIS policies at issue.

## THIRTEENTH AFFIRMATIVE DEFENSE

14. The counterclaim is barred to the extent that the sums at issue do not constitute ultimate net loss within the meaning of the AEGIS policies.

## FOURTEENTH AFFIRMATIVE DEFENSE

15. The counterclaim is barred to the extent it seeks to recover for sums not yet incurred.

## FIFTEENTH AFFIRMATIVE DEFENSE

16. The counterclaim is barred to the extent it seeks contribution or other relief with regard to property damage to property owned by any insured under the AEGIS policies at issue.

## SIXTEENTH AFFIRMATIVE DEFENSE

17. The counterclaim is barred to the extent it seeks contribution or other relief with regard to liability for bodily injury, personal injury or property damage caused intentionally by or at the direction of any insured under any of the AEGIS policies at issue.

## SEVENTEENTH AFFIRMATIVE DEFENSE

18. The counterclaim is barred, in whole or in part, to the extent it seeks contribution or other relief with regard to liability that falls within the Pollution Coverage Limitation, and/or the Pollution Coverage Endorsement contained in any of the AEGIS policies at issue.

## EIGHTEENTH AFFIRMATIVE DEFENSE

19. The counterclaim is barred to the extent that there has been a failure to comply with the notice condition of any of the AEGIS policies at issue.

## NINETEENTH AFFIRMATIVE DEFENSE

20. The counterclaim is barred to the extent that there has been a failure to comply with the cooperation condition of any of the AEGIS policies at issue.

## TWENTIETH AFFIRMATIVE DEFENSE

21. The counterclaim is barred, in whole or in part, by virtue of the conditions of the AEGIS policies pertaining to the application of other valid and collectible insurance.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

22. The counterclaim is barred, in whole or in part, to the extent that it seeks contribution or other relief with regard to costs incurred prior to the date that the insured provided notice of the subject claims to AEGIS.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

23. The counterclaim is barred to the extent that it seeks contribution or other relief with regard to property that the insured knew was already damaged prior to inception of the AEGIS policies at issue.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

24. The counterclaim is barred, in whole or in part, because there is no coverage under the AEGIS policies for losses that are not fortuitous.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

25. The counterclaim is barred, in whole or in part, to the extent that contribution or other relief is sought with regard to liability that arises from an accident, event, act or exposure to conditions that was in progress or was known or was not contingent on or before the date of the issuance or renewal of any policy issued by AEGIS.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

26. To the extent that AEGIS is found liable for some portion of the causes of action asserted in the counterclaim, all costs, expenses and amounts of any judgment should be apportioned among all other insurance available to Plaintiff Northern States Power Company ("NSP"), as well as to any additional time periods which are shown to be uninsured and/or self-insured periods, as well as any time periods during which insurance has not been shown to exist.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

27. To the extent that the parties have previously litigated issues of coverage under the alleged policies issued by AEGIS, principles of *res judicata* and/or collateral estoppel may apply to any determination of coverage under the AEGIS policies at issue.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

28. The counterclaim is barred to the extent that there has been a voluntary agreement to pay or compromise a claim without the consent of AEGIS.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

29. The counterclaim is barred to the extent that it seeks contribution or other relief with regard to sums that were incurred due to a failure to take reasonable steps to mitigate, minimize, or avoid the loss or injury.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

30. The counterclaim is barred, in whole or in part, by virtue of a failure to exhaust the underlying limits/retentions as required by the terms of the policies issued by AEGIS.

## THIRTIETH AFFIRMATIVE DEFENSE

31. The counterclaim is barred to the extent that recovery is sought for awards in excess of the per occurrence and/or aggregate limits, contained in any of the AEGIS policies at issue.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

32. The counterclaim is barred to the extent that any applicable insured (including its brokers, agents or other representative) concealed, misrepresented, or failed to disclose material facts existing as of the date of inception of any policy issued by AEGIS.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

33. The counterclaim is barred, in whole or in part, by virtue of the language in the AEGIS policies that limits the insured's right to recovery under more than one AEGIS policy.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

34. The counterclaim is barred, in whole or in part, to the extent that the matters described in the counterclaim are not within the time restrictions of the AEGIS policies at issue.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

35. The counterclaim is barred, in whole or part, to the extent that the allegations seek coverage for liability that falls within any pollution exclusion contained in the AEGIS policies at issue.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

36. The counterclaim is barred, in whole or in part, to the extent that the alleged bodily injury, personal injury or property damage was caused by or arose out of the noncompliance with or violation of any statute, ordinance, regulation, or instruction of any governmental entity or public policy.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

37. The counterclaim is barred, in whole or in part, to the extent that it seeks contribution or other relief with regard to fines or penalties.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

38. The counterclaim is barred, in whole or in part, based on the absence of any bodily injury or property damage that took place, or acts causing personal injury which were committed, prior to the retroactive date of any of the AEGIS policies at issue.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

39. The counterclaim is barred, in whole or in part, to the extent that there has been a breach of the warranty condition in the AEGIS policies at issue.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

40. The counterclaim is barred, in whole or in part, by virtue of all applicable contractual language and limitations in the AEGIS policies at issue, including the terms, conditions, definitions, exclusions and endorsements set forth in the policies.

### FORTIETH AFFIRMATIVE DEFENSE

41. The affirmative defenses set forth in AEGIS's Answer cannot be an exhaustive list of all affirmative defenses that may ultimately be applicable, because discovery may disclose facts supporting additional defenses and AEGIS specifically reserves and preserves such defenses without waiver.

WHEREFORE, AEGIS respectfully requests that this Court issue an Order:

(a) dismissing the counterclaim against AEGIS with prejudice;

(b) declaring the rights and obligations of the parties, including the Third-Party Defendants, with respect to Plaintiff NSP's claim for coverage for costs incurred and to be incurred in connection with the environmental investigation and remediation of the Owen Park MGP;

(c) declaring that AEGIS has no duty to defend and/or to indemnify Plaintiff NSP with respect to the claims related to or arising from the Owen Park MGP;

(d) declaring that, in the event that AEGIS is obligated to pay for claims asserted in the Complaint, AEGIS is entitled to contribution such that coverage should be apportioned among Plaintiff NSP, AEGIS and all Third-Party Defendants in a manner that is fair and equitable;

(e) dismissing the claims for relief in the Complaint with prejudice;

(f) awarding AEGIS its costs and disbursements in connection with this action; and

(g) granting such other relief as this Court deems just and proper.

Dated: June 9, 2011

Respectfully submitted,

AXLEY BRYNELSON, LLP
*/s/ Steven M. Streck*
Steven M. Streck
(Suite 200, 2 East Mifflin Street)
Post Office Box 1767
Telephone: (608) 257-5661
Facsimile: (608) 257-5444
E-Mail: sstreck@axley.com

Howard B. Epstein
Theodore A. Keyes
Sami B. Groff
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 756-2000
Facsimile: (212) 593-5955
E-Mail: howard.epstein@srz.com
      theodore.keyes@srz.com
      sami.groff@srz.com

*Attorneys for Defendant/Third-Party Plaintiff*
*Associated Electric & Gas Insurance Services Limited*