UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| NORTHERN STATES POWER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-780 |
| | ) | |
| ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADMIRAL INSURANCE COMPANY; ALLSTATE INSURANCE COMPANY; NORTHWESTERN NATIONAL INSURANCE COMPANY; CENTURY INDEMNITY COMPANY; COLUMBIA CASUALTY COMPANY; CONTINENTAL INSURANCE COMPANY; TIG INSURANCE COMPANY; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON; CERTAIN LONDON MARKET INSURERS; FAIRMONT SPECIALTY INSURANCE COMPANY; ST. PAUL MERCURY INSURANCE COMPANY; and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, AND CERTAIN LONDON MARKET INSURANCE COMPANIES' ANSWER AND AFFIRMATIVE DEFENSES TO AEGIS INSURANCE SERVICES, INC.'S THIRD-PARTY COMPLAINT, AND COUNTERCLAIM AGAINST AEGIS INSURANCE SERVICES, INC.**

NOW COME Third-Party Defendants, Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies (hereinafter "London Market Insurers") as specifically identified in their Appearance dated June 15, 2011, appearing individually, each for his, her or its own part and not one for another and only insofar as their several interests appear

on one or more of the contracts of insurance at issue in AEGIS Insurance Services, Inc.'s ("AEGIS") Third-Party Complaint ("Third-Party Complaint"), by and through their undersigned counsel, and submit the following Answer and Affirmative Defenses to the Third-Party Complaint, and Counterclaim against AEGIS:

## ANSWER

1. London Market Insurers admit that Northern States Power Company ("NSP") filed this lawsuit against AEGIS.  London Market Insurers lack sufficient information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 1 and therefore deny same.

2. The allegations contained in paragraph 2 set forth AEGIS' characterization of the NSP Complaint to which no response is required.  To the extent a response is required, London Market Insurers state that the NSP Complaint speaks for itself and any inconsistent characterization of the NSP Complaint contained in paragraph 2 is denied.

3. The allegations contained in paragraph 3 set forth AEGIS' characterization of the NSP Complaint to which no response is required.  To the extent a response is required, London Market Insurers state that the NSP Complaint speaks for itself and any inconsistent characterization of the NSP Complaint contained in paragraph 2 is denied.  London Market Insurers lack sufficient information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 3 and therefore deny same.

4. The allegations contained in paragraph 4 set forth AEGIS' characterization of its Answer to the NSP Complaint to which no response is required.  To the extent a response is required, London Market Insurers state that the Answer to the NSP Complaint speaks for itself and any inconsistent characterization of the Answer contained in paragraph 4 is denied.

5. The allegations contained in paragraph 5 set forth AEGIS' characterization of certain policy language contained in policies AEGIS allegedly issued to NSP, to which no

0

response is required. To the extent a response is required, London Market Insurers lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 and therefore deny same.

6. London Market Insurers admit they severally subscribed to certain insurance policies issued to NSP. London Market Insurers deny the remainder of the allegations in paragraph 6.

7. To the extent the allegations of paragraph 7 are directed at London Market Insurers, London Market Insurers deny the allegations. To the extent the allegations contained in paragraph 7 are directed to parties other than London Market Insurers, no response is required. To the extent a response is deemed required to the allegations directed to other insurers, London Market Insurers state that they lack sufficient information to form a belief as to the truth or falsity of these allegations and therefore deny same.

8. The allegations contained in paragraph 8 are directed to parties other than London Market Insurers, and therefore no response is required. To the extent a response is deemed required, London Market Insurers state that they lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 and therefore deny same.

9. The allegations contained in paragraph 9 are directed to parties other than London Market Insurers, and therefore no response is required. To the extent a response is deemed required, London Market Insurers state that they lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 and therefore deny same.

10. The allegations contained in paragraph 10 are directed to parties other than London Market Insurers, and therefore no response is required. To the extent a response is deemed required, London Market Insurers state that they lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 and therefore deny same.

11. The allegations contained in paragraph 11 are directed to parties other than London Market Insurers, and therefore no response is required. To the extent a response is deemed required, London Market Insurers state that they lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 and therefore deny same.

12. The allegations contained in paragraph 12 are directed to parties other than London Market Insurers, and therefore no response is required. To the extent a response is deemed required, London Market Insurers state that they lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 and therefore deny same.

13. The allegations contained in paragraph 13 are directed to parties other than London Market Insurers, and therefore no response is required. To the extent a response is deemed required, London Market Insurers state that they lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 13 and therefore deny same.

14. The allegations contained in paragraph 14 are directed to parties other than London Market Insurers, and therefore no response is required. To the extent a response is deemed required, London Market Insurers state that they lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 14 and therefore deny same.

15. London Market Insurers admit that they subscribed severally, each for his/her or its own part and not for one another, to certain policies issued to NSP ("London Market Policies"). London Market Insurers' investigation into the policies to which they subscribed continues. London Market Insurers respond that Underwriters at Lloyd's, London are natural persons who are or have been members of underwriting syndicates that conduct, or have

conducted, business at Lloyd's, London, which is chartered under the laws of the United Kingdom.  London Market Insurers further respond that certain London market insurance companies are corporations organized under the laws of the United Kingdom or other foreign jurisdictions.  London Market Insurers deny the remainder of the allegations in paragraph 15.

16. The allegations contained in paragraph 16 are directed to parties other than London Market Insurers, and therefore no response is required.  To the extent a response is deemed required, London Market Insurers state that they lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 16 and therefore deny same.

17. The allegations contained in paragraph 17 are directed to parties other than London Market Insurers, and therefore no response is required.  To the extent a response is deemed required, London Market Insurers state that they lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 17 and therefore deny same.

18. The allegations contained in paragraph 18 are directed to parties other than London Market Insurers, and therefore no response is required.  To the extent a response is deemed required, London Market Insurers state that they lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 18 and therefore deny same.

19. The allegations contained in paragraph 19 are directed to parties other than London Market Insurers, and therefore no response is required.  To the extent a response is deemed required, London Market Insurers state that they lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 19 and therefore deny same.

**FIRST CAUSE OF ACTION—DECLARATORY JUDGMENT**

20. London Market Insurers incorporate and reallege, as if fully set forth herein, their responses to paragraphs 1 through 18 of the Third-Party Complaint.

21. The allegations contained in paragraph 21 set forth a narrative of what AEGIS seeks in its Third-Party Complaint, to which no response is required. To the extent a response is required, London Market Insurers admit the allegations of paragraph 21. London Market Insurers deny that they have any obligation to provide coverage with respect to NSP's alleged obligation to perform and/or incur costs in connection with the environmental investigation and remediation of the Site and/or that AEGIS is entitled to contribution from London Market Insurers.

22. The allegations contained in paragraph 22 set forth a narrative of what AEGIS seeks in its Third-Party Complaint, to which no response is required. To the extent a response is required, London Market Insurers admit the allegations of paragraph 21. London Market Insurers deny that AEGIS is entitled to contribution from London Market Insurers for claims asserted by NSP concerning the Site.

23. To the extent paragraph 23 is a narrative or calls for a legal conclusion, no response is required. To the extent a response is deemed required, London Market Insurers state that they lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 23 and therefore deny same. London Market Insurers deny that AEGIS is entitled to contribution from London Market Insurers for costs associated with NSP's environmental investigation and remediation of the Site.

**SECOND CAUSE OF ACTION—CONTRIBUTION**

24. London Market Insurers incorporate and reallege, as if fully set forth herein, their responses to paragraphs 1 through 22 of the Third-Party Complaint.

25. To the extent paragraph 25 is directed to London Market Insurers, London Market Insurers deny that AEGIS is entitled to contribution from London Market Insurers and that any costs, expenses or amounts of any judgment should be apportioned to London Market Insurers. To the extent the allegations contained in paragraph 25 are directed to parties other than London Market Insurers, no response is required. To the extent a response is deemed required to the allegations directed to other insurers, London Market Insurers state that they lack sufficient information to form a belief as to the truth or falsity of these allegations and therefore deny same.

## AFFIRMATIVE DEFENSES

Without waiver of any of their denials in the above Paragraphs, London Market Insurers assert the following Affirmative Defenses to the Third-Party Complaint. Since discovery has not yet begun, London Market Insurers reserve their right to amend and/or supplement the Affirmative Defenses set forth below as additional facts are discovered.

## FIRST AFFIRMATIVE DEFENSE

AEGIS fails to state a claim upon which relief can be granted with respect to London Market Insurers.

## SECOND AFFIRMATIVE DEFENSE

AEGIS may have failed to join all interested, necessary and indispensible parties to this action.

## THIRD AFFIRMATIVE DEFENSE

AEGIS' claims against London Market Insurers may not be ripe or justiciable.

## FOURTH AFFIRMATIVE DEFENSE

AEGIS' claims against London Market Insurers are barred, in whole or in part, by the equitable doctrines of laches, unclean hands, waiver and/or estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

AEGIS' claims against London Market Insurers are barred, in whole or in part, by the statutes of limitations applicable to its claims and/or to NSP's claims against AEGIS.

**SIXTH AFFIRMATIVE DEFENSE**

AEGIS' claims against London Market Insurers are barred, in whole or in part, to the extent that it seeks contribution based on the liability of a person or entity who is not an insured under the London Market Policies.

**SEVENTH AFFIRMATIVE DEFENSE**

AEGIS' claims against London Market Insurers are barred, in whole or in part, to the extent NSP has failed to completely and properly exhaust all self-insured retentions, underlying limits, and deductibles and/or to the extent any gaps in coverage have not been fully satisfied or accounted for as required by the London Market Policies.

**EIGHTH AFFIRMATIVE DEFENSE**

AEGIS' claims against London Market Insurers are barred, in whole or in part, to the extent that the limits of the London Market Policies have been exhausted by payment of prior claims.

**NINTH AFFIRMATIVE DEFENSE**

AEGIS' claims against London Market Insurers are barred, in whole or in part, to the extent NSP's underlying liability does not arise from a suit seeking "damages" as that term is used in the London Market Policies.

**TENTH AFFIRMATIVE DEFENSE**

AEGIS' claims against London Market Insurers are barred, in whole or in part, to the extent NSP knew of a loss or probable loss prior to the inception of the alleged London Market Policies.

**ELEVENTH AFFIRMATIVE DEFENSE**

AEGIS' claims against London Market Insurers are barred, in whole or in part, to the extent NSP either expected or intended the damage for which it is seeking coverage from AEGIS, or to the extent the loss was not fortuitous.

**TWELFTH AFFIRMATIVE DEFENSE**

AEGIS' claims against London Market Insurers are barred, in whole or in part, to the extent NSP failed to comply with the terms and conditions in the London Market Policies.

**THIRTEENTH AFFIRMATIVE DEFENSE**

AEGIS' claims against London Market Insurers are barred, in whole or in part, to the extent NSP intentionally or negligently failed to disclose, concealed, omitted or misrepresented material facts to London Market Insurers in breach of the London Market Policies, or otherwise failed to cooperate with or assist London Market Insurers.

**FOURTEENTH AFFIRMATIVE DEFENSE**

AEGIS' claims against London Market Insurers are barred, in whole or in part, to the extent NSP's liability does not arise out of an "occurrence" or an "accident" as those terms are defined and/or used in the London Market Policies.

**FIFTEENTH AFFIRMATIVE DEFENSE**

AEGIS' claims against London Market Insurers are barred, in whole or in part, to the extent NSP's claims for coverage do not constitute a "loss," and/or "ultimate net loss" as those terms are used in the London Market Policies.

**SIXTEENTH AFFIRMATIVE DEFENSE**

AEGIS' claims against London Market Insurers are barred, in whole or in part, to the extent NSP's claims for coverage are for damages which occurred prior to the inception or after the expiration of the London Market Policies.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

AEGIS' claims against London Market Insurers are barred, in whole or in part, to the extent there has not been "bodily injury," "property damage," or "personal injury" as those terms are defined and/or used in the London Market Policies.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

AEGIS' claims against London Market Insurers are barred, in whole or in part, to the extent NSP seeks coverage for injunctive, restitutionary or equitable relief or for settlement or judgments with respect thereto.

**NINETEENTH AFFIRMATIVE DEFENSE**

AEGIS' claims against London Market Insurers are barred, in whole or in part, to the extent NSP has breached one or more of the conditions contained in the London Market Policies which are conditions precedent to coverage, if coverage otherwise exists, including, without limitation: (i) the condition that NSP give London Market Insurers adequate, proper and timely notice of a claim, suit, accident or occurrence, as defined by the policies; (ii) the condition that NSP shall not, except at its own cost, voluntarily make any payment, assume any obligation or incur any expense; (iii) the condition that NSP shall cooperate with London Market Insurers; (iv) the condition that NSP shall do nothing after loss to prejudice any subrogation rights of London Market Insurers; (v) the condition that NSP must fully disclose all material facts when applying for the alleged London Market Policies; (vi) the condition that NSP must maintain underlying insurance; and, (vii) the condition that no action shall lie against London Market Insurers unless NSP shall have fully complied with all the terms of the policies, nor until the amount of NSP's obligation to pay shall have been finally determined either by judgment against NSP after actual trial or by written agreement of NSP, the claimant, and the insurer.

## TWENTIETH AFFIRMATIVE DEFENSE

AEGIS' claims against London Market Insurers are barred, in whole or in part, to the extent NSP failed to mitigate, minimize or avoid the costs alleged in the underlying claim, and any recovery of insurance proceeds under the London Market Policies, if any, must be reduced by that amount.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

AEGIS' claims against London Market Insurers are barred, in whole or in part, to the extent NSP is seeking insurance coverage for damage to property occupied by or leased to NSP, used by NSP, or owned by, rented to, or controlled by NSP, in the care, custody or control of NSP or property over which NSP for any purpose is exercising physical control.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

AEGIS' claims against London Market Insurers are barred, in whole or in part, to the extent NSP's claim for coverage is excluded from coverage by the terms and provisions of the pollution exclusions in any of the London Market Policies.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Any losses which result from NSP's intentional and willful business decisions, including but not limited to fines, and/or penalties, are not within the scope of the coverage provided by the alleged London Market Policies and are uninsurable losses based upon public policy considerations.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that any of NSP's claims are covered under any policy(ies) of insurance issued by any other insurer, including AEGIS, and the other insurer, including AEGIS, is entitled to contribution from London Market Insurers, any liability of London Market Insurers under the London Market Policies must be reduced by proper allocation of liability among all other applicable primary and excess insurance policies and by the proper allocation of liability to all

applicable deductibles, self-insured retentions, self-insurance, insolvencies and uninsured periods.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The London Market Policies do not provide coverage in place of underlying or other insurance which is or becomes invalid, uncollectible, or otherwise unavailable due to the insolvency of the underlying insurer or as a result of the acts, decisions or strategies of the insured.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The London Market Policies are excess policies and, as such, do not obligate London Market Insurers to provide a defense to NSP, or contribute any sums to AEGIS in respect of any defense costs.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

AEGIS' claims against London Market Insurers are barred, in whole or in part, to the extent that NSP seeks contribution for losses which have not yet arisen and/or for amounts which have not been paid.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

AEGIS' claims against London Market Insurers are barred, in whole or in part, pursuant to principles of res judicata and/or collateral estoppel according to determinations made in *St. Paul Mercury Ins. Co. v. N. States Power Co.*, No. 27-CV-03-017809 (Hennepin County, Minnesota) and/or *N. States Power Co. v. Admiral Ins. Co.*, No. 03CV753 (Eau Claire, Wisconsin).

## TWENTY-NINTH AFFIRMATIVE DEFENSE

AEGIS' claims against London Market Insurers are barred, in whole or in part, pursuant to the doctrines of release, payment and accord and satisfaction.

## THIRTIETH AFFIRMATIVE DEFENSE

AEGIS' claims against London Market Insurers are barred, in whole or in part, to the extent it cannot satisfy its burden of establishing the existence and terms of the policies allegedly issued by London Market Insurers to NSP.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

AEGIS' claims against London Market Insurers are barred, in whole or in part, to the extent NSP or AEGIS has destroyed or permitted the destruction or spoliation of evidence material to their claims in this action or to London Market Insurers' defenses of this action.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

AEGIS' claims against London Market Insurers are barred, in whole or in part, to the extent the costs for which it is seeking contribution constitute fines and/or penalties.

## COUNTERCLAIM AGAINST AEGIS

1.   London Market Insurers hereby incorporate their Answer and Affirmative Defenses to the Third-Party Complaint and assert a Counterclaim against AEGIS for contribution, indemnification and/or subrogation to the extent London Market Insurers are found liable as alleged in the Third-Party Complaint, which liability is specifically denied.

WHEREFORE, Third-Party Defendants London Market Insurers pray for judgment as follows:

1. Judgment in favor of London Market Insurers and against AEGIS, dismissing AEGIS' Third-Party Complaint with prejudice;

2. A declaration that London Market Insurers have no obligation to pay defense or indemnity costs incurred by NSP or AEGIS with respect to environmental contamination at or near the former manufactured gas plant known as Owen Park, in Eau Claire, Wisconsin;

3. In the alternative, a declaration of the respective rights and obligations of the parties pursuant to the subject insurance policies, for defense or indemnity costs incurred by NSP or AEGIS with respect to environmental contamination at or near the former manufactured gas plant known as Owen Park, in Eau Claire, Wisconsin;

4. An award to London Market Insurers of their attorneys' fees and costs; and

5. An award to London Market Insurers of any other relief the Court deems just and proper.

June 29, 2011                     Respectfully Submitted,

*/s/ Christopher J. Johnson*
BECK, CHAET, BAMBERGER & POLSKY, S.C.

| | |
|---|---|
| Patrick T. Walsh, # 6202062 | Christopher J. Johnson, #1008961 |
| Timothy G. Furrow # 6277502 | BECK, CHAET, BAMBERGER & POLSKY, |
| HINKHOUSE WILLIAMS WALSH LLP | S.C. |
| Firm I.D. No. 44633 | Two Plaza East, Suite 1085 |
| 180 N. Stetson Ave., Suite 3400 | 330 E. Kilbourn Avenue |
| Chicago, IL 60601 | Milwaukee, WI 53202 |
| Phone: (312) 784-5400 | Phone: (414) 273-4200 |

Attorneys for Defendants Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies

4821-9304-4233, v. 2