UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NORTHERN STATES POWER COMPANY,

    Plaintiff,

v.

ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED,

    Defendant and
    Third-Party Plaintiff,

v.

ADMIRAL INSURANCE COMPANY; ALLSTATE INSURANCE COMPANY (as successor-in-interest to Northbrook Excess & Surplus Insurance Company f/k/a as Northbrook Insurance Company); NORTHWESTERN NATIONAL INSURANCE COMPANY (as successor-in-interest to Bellefonte Insurance Company); CENTURY INDEMNITY COMPANY (as successor-in-interest to CIGNA Specialty Insurance Company f/k/a California Union Insurance Company); COLUMBIA CASUALTY COMPANY; CONTINENTAL INSURANCE COMPANY (as successor-in-interest to Harbor Insurance Company); TIG INSURANCE COMPANY (as successor-in-interest to International Insurance Company and International Surplus Lines Insurance Company); CERTAIN UNDERWRITERS AT LLOYD'S LONDON and CERTAIN LONDON MARKET INSURERS (including INSCO Ltd., Britamco, Ltd. AG 1830, CNA Reinsurance of London Limited, Compagnie D'Assurances Maritimes Aeriennes Et Terrestres, The Dominion Insurance Co. Ltd., Eisen Und Stahl Ruckversicherung A.G., Compagnie Euro-Belge De Reassurances, Assicurazioni Generali Spa (UK Branch), Hollandshe Vers. Van 1808 N.V., Companhia De Seguros Imperio S.A., Allianz International Insurance Co., Ltd., Storebrand Insurance Co., (UK) Ltd., Taisho Marine & Fire Insurance Co. (Europe) Ltd., The Tokio Marine & Fire Insurance Co. (UK) Ltd., Royale Belge Incendie

Civil File No.: 10-cv-780

**JOINT MOTION FOR ENTRY OF STIPULATION AND PROTECTIVE ORDER**

Reassurance S.A. D'Assurances, The Sumitomo
Marine And Fire Insurance Co., Ltd., Turegum
Insurance Co., Ltd., Unionamerica Insurance Co., Ltd.,
La Union Atlantique S.A., Continental Reinsurance
Management Ltd., St. Katherine Insurance Co. PLC,
Winterthur Swiss Insurance Co., Yasuda Fire and
Marine Insurance Co. (UK) Ltd., Compagnie
Europeenne D'Assurances Industrielles S.A., La
Agricola Sa De Seguros Y Reaseguros, Belge
Industrielle A.N.M., Eurinco Allgemeine Versicherungs
Aktiengesellschaft, Folksam International Insurance Co.
(UK) Ltd., Hafez Insurance Co., PLAR Pool);
FAIRMONT SPECIALTY INSURANCE COMPANY
(as successor-in-interest to Ranger Insurance
Company); ST. PAUL MERCURY INSURANCE
COMPANY, and ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

       Third-Party Defendants.

---

  The parties below, through their counsel, hereby jointly move the Court for entry of the Stipulation and Protective Order in this matter, in the form attached hereto and submitted herewith, without further hearing or notice.

       Respectfully submitted,

Dated this 16th day of August, 2011.

       MICHAEL BEST & FRIEDRICH, LLP

       */s/ Lee M. Seese*
       Lee M. Seese
       Raymond Krueger
       Thomas A. Janczewski
       100 East Wisconsin Avenue, Suite 3300
       Milwaukee, WI 53202
       Telephone: (414) 271-6560

       Attorneys for Plaintiff
       Northern States Power Company and
       Third-Party Defendant
       Northwestern National Insurance Company

Dated this 16th day of August, 2011.

AXLEY BRYNELSON, LLP

*/s/ Steven M. Streck*
Steven M. Streck
2 East Mifflin Street, Suite 200
Post Office Box 1767
Madison, WI 53701-1767
Telephone: (608) 257-5661

Howard B. Epstein
Theodore A. Keyes
Sami B. Groff
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 756-2000

Attorneys for Defendant/Third-Party Plaintiff Associated Electric & Gas Insurance Services Limited

Dated this 16th day of August, 2011.

STICKLES LLC

*/s/ James S. Stickles, Jr.*
James S. Stickles, Jr.
3385 North Arlington Heights Road, Suite E
Arlington Heights, IL 60004
Telephone: (847) 398-9927
Facsimile: (847) 398-9926

Mark W. Andrews
Winner, Wixson & Pernitz
22 East Mifflin Street, Suite 702
Post Office Box 2626
Madison, WI 53701-2626
Telephone: (608) 257-0257
Facsimile: (608) 257-0078
Attorneys for Admiral Insurance Company

Dated this 16th day of August, 2011.

                                        CORNEILLE LAW GROUP, LLC

                                        */s/ Dave Pliner*
                                        Dave Pliner
Corneille Law Group, LLC
7618 Westward Way, Suite 100
Madison, WI 53717
Telephone: (608) 662-1180
Facsimile: (608) 662-1181

James R. Murray
Todd Rowe
Tressler LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606
Telephone: (312) 627-4039
Facsimile: (312) 627-1717

Attorneys for Allstate Insurance Company

Dated this 16th day of August, 2011.

                                        VONBRIESEN & ROPER, S.C.

                                        */s/ Heidi Vogt*
Jason R. Fathallah
Heidi Vogt
Von Briesen & Roper, S.C.
411 East Wisconsin Avenue, Suite 700
Post Office Box 3262
Milwaukee, WI 53201-3262
Telephone: (414) 287-1510
Facsimile: (414) 276-6281

William M. Cohn
James Martin
Cohn Baughman & Martin
333 West Wacker Drive, Suite 900
Chicago, IL 60608
Telephone: (312) 753-6639
Facsimile: (312) 753-6601

Attorneys for Century Indemnity Company

Dated this 16th day of August, 2011.

                                    LIND, JENSEN, SULLIVAN & PETERSON

                                    */s/ Thomas D. Jensen*
                                    Thomas D. Jensen
                                    150 South Fifth Street, Suite 1700
                                    Minneapolis, MN 55402
                                    Telephone: (612) 333-3637

                                    Attorneys for Third-Party Defendant
                                    Columbia Casualty Company

Dated this 16th day of August, 2011.

                                    MEISSNER TIERNEY FISHER & NICHOLS S.C.

                                    */s/ Jennifer A.B. Kreil*
                                    Michael J. Cohen
                                    Jennifer A.B. Kreil
                                    111 East Kilbourn Avenue, 19th Floor
                                    Milwaukee, WI 53202
                                    Telephone: (414) 273-1300

                                    Attorneys for Third-Party Defendant
                                    TIG Insurance Company, as successor in interest to
                                    International Insurance Company and International
                                    Surplus Lines Insurance Company and Third-Party
                                    Defendant Fairmont Specialty Insurance Company,
                                    formerly known as Ranger Insurance Company

Dated this 16th day of August, 2011.

                                    BECK, CHAET, BAMBERGER & POLSKY, S.C.

                                    */s/ Christopher J. Johnson*
                                    Christopher J. Johnson
                                    Two Plaza East, Suite 1085
                                    330 East Kilbourn Avenue
                                    Milwaukee, WI 53202
                                    Telephone: (414) 273-4200

                      Patrick T. Walsh
                      Timothy G. Furrow
                      Hinkhouse Williams Walsh LLP
                      180 North Stetson Avenue, Suite 3400
                      Chicago, IL 60601
                      Telephone: (312) 784-5400

                      Counsel for Third-Party Defendants
                      Lloyd's, Londo and Certain London
                      Market Insurance Companies

Dated this 16th day of August, 2011.

                      MEAGHER & GEER, PLLP

                      */s/ Amy Woodworth*
                      Amy Woodworth
                      Stacy A. Broman
                      Meagher & Geer, PLLP
                      33 South Sixth Street, Suite 4400
                      Minneapolis, MN 55402
                      Telephone: (612)-371-1327
                      Facsimile: (612) 877-3105

                      Counsel for Third-Party Defendants
                      St Paul Marine Insurance
                      Company and St. Paul Fire & Marine
                      Insurance Company

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

NORTHERN STATES POWER COMPANY,

        Plaintiff,

        v.                                        Civil File No.: 10-cv-780

AEGIS INSURANCE SERVICES, INC. (a/k/a Associated Electric & Gas Insurance Services Limited),

**STIPULATION AND PROTECTIVE ORDER FOR DISCLOSURE OF CONFIDENTIAL MATERIALS**

        Defendant.

AEGIS INSURANCE SERVICES, INC.
(a/k/a) Associated Electric & Gas Insurance
Services Limited),

        Third-Party Plaintiff,

        v.

ADMIRAL INSURANCE COMPANY; ALLSTATE INSURANCE COMPANY, et al.

        Third Party Defendants.

The parties, by their respective counsel, hereby stipulate to the entry of the following Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The parties agree that the exchange of sensitive information between the parties and/or third parties other than in accordance with this Protective Order may cause unnecessary damage and injury to the parties and to others, and therefore good cause exists to limit public disclosure of this information. The parties, therefore, stipulate and agree as follows:

All documents and information which specifically are stamped, marked or otherwise designated by the "Producer," as defined herein, or by its attorneys, principals or agents as "Confidential Material," as defined herein, may be used by any other party in this action for all purposes described below, subject to the following conditions, safeguards and limitations:

A. Definitions

1. The term "Confidential Material," as used herein, shall mean the following: (a) sensitive business or proprietary information or documents, the disclosure of which might adversely affect a Party in its competitive position or business operations; (b) documents which a Party reasonably believes are subject to a privilege from disclosure in this action; or (c) documents or information which may adversely affect or prejudice the position taken by a Party in connection with the Underlying Claims, as defined herein. The Parties will use their best efforts to limit the number of documents designated as Confidential Material. Confidential Material may include, but is not limited to, the following: (a) documents produced in response to formal or informal document requests or pursuant to rules governing initial disclosures; (b) interrogatory answers, including documents used or referenced in answers to interrogatories; (c) depositions, including exhibits; (d) admissions; and (e) information ascertained from in-person inspections of the Site.

2. The term "Producer," as used herein, shall mean a Party or a non-party that produces information, including but not limited to documents, responses to interrogatories, responses to requests for admissions or deposition testimony, in this action.

3. The term "Site," as used herein, shall mean the former manufactured gas plant site and surrounding area located in Owen Park, Eau Claire, Wisconsin.

4. The term "Party" or "Parties" as used herein shall mean the parties to this action.

5. The term "Underlying Claims" as used herein, shall mean any claim, directive, demand or suit of the Wisconsin Department of Natural Resources, the State of Wisconsin, the United States Environmental Protection Agency, and/or any person, relating to or arising from the Site.

B. Confidential Material subject to this Protective Order shall be used in this action solely for the purpose of conducting this action.

C. Access to and Disclosure of Confidential Material

1. The following persons shall be the only persons to whom Confidential Material may be disclosed, subject to the terms and conditions set forth herein: (a) counsel employed by a Party or any employee or agent of such counsel to whom it is necessary that disclosure be made for purposes of this action; (b) experts or consultants retained by any Party for the purposes of testifying, or rendering assistance, or providing opinions in this action, but only to the extent necessary for such person to perform his or her assigned tasks; (c) any director, officer, employee or agent of a Party who is requested by that Party or any of its attorneys to assist in work on this action or is called to testify, whether in deposition or at trial, in this action; (d) the Court, Court personnel, Court reporters, or other personnel involved in the adjudicative process; (e) any person, other than persons described in subparagraphs C.1(a)-(c) above, of whom testimony is taken or may be taken in this action; and (f) any entity or authorized representative of such entity, including, without limitation, a Party's reinsurers and/or regulatory or financial auditors, to whom a Party has a legal obligation to report or cooperate, but only insofar as reasonably necessary for the fulfillment of said obligation.

2. Experts or consultants retained by any Party, referenced in subparagraph C.1.(b) above, shall agree in writing to comply with this Protective Order before receiving any Confidential Material.

3. Any person governed by this Protective Order who makes any disclosure of Confidential Material permitted under this paragraph to persons described in subparagraph C.1(c) shall, prior to disclosure of Confidential Material, advise each such person to whom such disclosure will be made concerning the terms of this Protective Order.

4. Any person governed by this Protective Order who makes any disclosure of Confidential Material to persons described in subparagraph C.1(e) above shall advise each such person to whom such disclosure is made concerning the terms of this Protective Order and shall make a good faith effort to obtain each such person's written agreement to be bound by the terms of this Protective Order. If any person described in subparagraph C.1(e) refuses to agree in writing to be bound by the terms of this Protective Order, then that person shall be permitted to see or review the Confidential Materials only (a) in the presence of counsel for a Party in preparation for possible testimony or in discussions of possible testimony, and/or (b) during his or her testimony, and shall not be permitted to retain possession of or make duplicate copies of such Confidential Materials.

5. Any person governed by this Protective Order who makes any disclosure of Confidential Materials to persons described in subparagraph C.1(f) shall, to the extent reasonably practicable, advise each such person to whom such disclosure is made concerning the terms of this Protective Order, but need not require their agreement in writing with this Protective Order before providing access to Confidential Materials.

D. With respect to any Confidential Material designated in conformance with this Protective Order, a Party, or its counsel, may within ninety (90) days of the designation, serve a written notice of objection to such designation upon the Producer's counsel (with copies to counsel for every other Party). Such notice shall identify specifically the materials as to which the objecting Party wishes to have the designation removed (declassified) and specify the reasons for such

declassification. Such objection may state that declassification is desired generally or for a specific purpose.

The Producer shall, within twenty (20) days of receipt of such notice, review the designated material sought to be declassified and notify every Party in writing whether or not the Producer will agree to the declassification requested. If no agreement can be reached between the objecting Party and the Producer, any Party shall be free to move the Court for an order of declassification of such specified material, which motion shall set forth a description of the nature of the designated material in question and the reasons why the moving Party believes it should be declassified. The Party seeking declassification shall have the burden of demonstrating that the Confidential Material for which declassification is sought is, in fact, not confidential. The designated material in question shall continue to be treated as Confidential Material subject to the terms of this Protective Order until the Court acts on the declassification motion and, thereafter, if the Court's ruling does not declassify the material.

E. To be deemed Confidential Material, the following legend, or a legend containing similar language indicating a desired intent to treat the document confidential, shall be placed on the face of the document: **"CONFIDENTIAL MATERIALS Subject to Protective Order."** If possible, the legend will be placed on each such document within thirty (30) days after the documents are identified for copying and before they are distributed to the Parties. In lieu of making this notation on the originals of documents, the Producer may mark the copies that are produced.

F. With regard to documents and information produced in this action prior to the entry of this Protective Order, if any, such documents shall be treated as Confidential Material through and until thirty (30) days following entry by the Court of this Protective Order. During such thirty (30) day period, any Producer or Party may designate, as Confidential Material, documents or

information previously produced, by notifying all Parties in writing of such designation and describing the documents or information so designated by Bates or page numbers or other identifying criteria. Any documents or information not designated as Confidential Material within that thirty (30) day period need not thereafter be treated as such, provided, however, that nothing in this Protective Order shall alter the terms of any other Protective Order relating to any documents or information produced in this case or in any case to which any Party hereto is a party.

G. Information disclosed at the deposition of persons associated with or employed by a Producer, or of persons who otherwise have access to Confidential Material, or of a Party or one of its present or former officers, directors, employees, agents, or an independent expert retained by a Party for the purposes of this litigation, may be designated by the Producer or Party as Confidential Material by indicating on the record at any time during the deposition or within thirty (30) days after receipt of the deposition transcript that the testimony encompasses Confidential Material. If such designation is made, the following legend, or a legend containing similar language indicating a desired intent to treat the document confidential, shall be placed on the original and each copy of the transcript identifying the pages of the deposition so designated as Confidential Material by stating on each such page: **"CONFIDENTIAL MATERIAL Subject to Protective Order."**

H. Any Confidential Material submitted, presented to, or filed with the Court prior to trial shall be filed in a sealed envelope with the designation "**CONFIDENTIAL MATERIAL Subject to Protective Order** " and made unavailable to persons other than the Court, persons authorized by this Protective Order, or by separate order of the Court. The protection to be afforded to Confidential Material at the trial of this action shall be addressed in the pre-trial order to be entered in this action.

I. Within forty-five (45) days of the conclusion of this action, the Parties agree to:

    1. return all Confidential Material, including copies thereof, to the Producer; or

2. destroy all Confidential Material and copies thereof. The Parties further agree to advise all Parties of the method used within forty-five (45) days of the conclusion of this action.

J. Nothing in this Protective Order shall be construed in any way to control the use, dissemination, publication, or disposition by any Party of documents or information received, at any time, by that Party outside the discovery process in this action.

K. Nothing in this Protective Order shall be construed in any way to control a Producer's or Party's use, dissemination, publication or disposition of its own documents or information.

L. Nothing in this Protective Order shall preclude a Party from withholding documents or limiting testimony based upon the attorney/client privilege or attorney work product doctrine or other recognized and applicable objection despite the Party's ability to designate such documents or testimony as Confidential Material. This paragraph shall not preclude a Party from seeking an order from the Court to compel production of documents or to compel testimony, however the existence of this order shall not be relied on as a basis to compel the production of documents or testimony of a witness.

M. For good cause shown, any Party may seek a modification of this Protective Order, first by attempting to obtain the consent of every other Party to such modification, and then, absent consent, by application to this Court.

## ORDER

Based on the foregoing Stipulation,

IT IS SO ORDERED this ____ day of _____, 2011.

**BY THE COURT:**

_____
Honorable William M. Conley