UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

NORTHERN STATES POWER COMPANY,
Plaintiff,

v.

AEGIS INSURANCE SERVICES, INC. (a/k/a
  Associated Electric & Gas Insurance Services
  Limited),
                Defendant.

AEGIS INSURANCE SERVICES, INC.
(a/k/a Associated Electric & Gas Insurance
Services Limited),
                Third-Party Plaintiff,

v.

ADMIRAL INSURANCE COMPANY, et al.
                Third Party Defendants

Civil File No.: 10-cv-780

---

**ADMIRAL INSURANCE COMPANY'S OBJECTIONS AND RESPONSES TO
NORTHERN STATES POWER COMPANY'S FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

TO: All counsel of Record (see attached service list)

      Defendant, Admiral Insurance Company, by its attorney, James S. Stickles, Jr.,

objects and responds to Plaintiff Northern States Power Company's ("NSP") First Set of

Interrogatories and Requests for Production of Documents ("NSP's Interrogatories and

Document Requests") as follows:

1

## GENERAL OBJECTIONS

Admiral Insurance Company ("Admiral") incorporates the following General Objections into each and every individualized response contained herein and set forth below and into each and every amendment, supplement, or modification to these responses hereinafter provided. Admiral does not waive any General Objection in response to any specific Interrogatory or Request for Production propounded. Admiral's responses and objections are based upon the results of a diligent effort to respond to NSP's Interrogatories and Document Requests. Admiral has not yet completed its investigation into the facts pertaining to this action nor its discovery or preparation for trial in this action and, therefore, reserves its rights to amend, modify, or supplement the objections or responses stated herein, if necessary, at a later date. Admiral's response to each and every Interrogatory and Request for Production is made subject to and without waiving the following objections, which are set forth as follows to avoid excessive duplication in responding to individual Interrogatories and/or Document Requests.

1. In providing this response to NSP's Interrogatories and Documents Requests, Admiral does not in any way waive, or intend to waive, but rather intends to preserve and is preserving:

     a.     all objections as to competency, relevancy, materiality, and admissibility;

     b.     the right to object on any ground to the use or admissibility of any of the responses herein or documents produced by Admiral in response to NSP's Interrogatories and Document Requests in any subsequent proceedings, including the trial of this or any other action;

     c.     all objections as to vagueness and ambiguity; and

d.   the right to object on any ground to any further Interrogatories or Document

Requests involving or related to any of NSP's Interrogatories and Document Requests.

2.   Admiral objects to each Interrogatory and Document Request to the extent that

it seeks documents and information protected from disclosure by the attorney-client privilege,

the attorney-work product doctrine, any other judicially-recognized protection or privilege, or

which contain or reflect the impressions, conclusions, opinions, legal research or theories of

attorneys or their representatives for Admiral. To the extent that any document is inadvertently

produced in response to NSP's Interrogatories and Document Requests, which document is

properly the subject of the attorney-client privilege, attorney work-product doctrine, or any

other privilege, such production is not to be construed as a waiver of such privilege.

3.   Admiral construes each Interrogatory and Document Request not to seek the

identification or contents of, and states that no privilege log is required for, legal memoranda,

drafts of pleadings, attorney notes, letters, documents or information exchanged between or

among Admiral and its counsel, and other such documents and communications that have

come into existence since or because of this coverage litigation.

4.   Admiral objects to each Interrogatory and Document Request to the extent that

it may be construed as overly broad, unduly burdensome, and oppressive. Admiral further

objects to such Interrogatories and Document Requests as seeking to impose on Admiral

inappropriate burdens and expenses. As to such Interrogatories and Document Requests,

Admiral has made a good faith effort to respond, but reserves the right to object to and to move

to have vacated all such Interrogatories and Document Requests.

5.   Admiral objects to each Interrogatory and Document Request to the extent that

it is overly broad, requires an unduly burdensome and expensive search of Admiral's records,

purports to cover persons and business entities which are not parties to this action, and purports to require Admiral to supply information that is not available to it and documents which are not in the possession, custody, or control of Admiral, or attempts to impose requirements beyond the scope of discovery as defined in the Federal Rules of Civil Procedure and local rules of the United States District Court for the Western District of Wisconsin.

6. Admiral objects to each Interrogatory and Document Request to the extent it seeks disclosure of information or documents with respect to claims other than the underlying claim at issue in this litigation or policies other than the alleged policies at issue. Such discovery requests are not relevant to the subject matter involved in this action; are overly broad, unduly burdensome and expensive; and are not reasonably calculated to lead to the discovery of admissible evidence. Admiral's responses are specifically limited to the underlying claim at issue in this action with respect to the Admiral policies that are at issue in this action (hereinafter referred to as the "Admiral Policies").

7. Admiral objects to each Interrogatory and Document Request as overly broad and unduly burdensome to the extent it seeks any and all information, persons or documents referring or relating to certain records, facts, or information. It is not practical to review every document in Admiral's possession to determine if it may be responsive to such vaguely defined and broad requests. Admiral has used reasonable diligence to locate responsive documents based on examination of those files that may reasonably be expected to contain such documents and inquiry of those persons who may reasonably be expected to possess responsive documents, and will produce, subject to all objections contained herein, all non-privileged documents so located that in Admiral's judgment appear responsive to NSP's Interrogatories and Document Requests.

8.     Admiral objects to each Interrogatory and Document Request to the extent that it asks Admiral to detail its legal contentions, witnesses, and supporting facts, on the grounds that such Interrogatories or Document Requests are overly broad, unduly burdensome, oppressive, and premature at this stage of the litigation, when discovery is still underway.

9.     Admiral objects to each Interrogatory and Document Request to the extent that it seeks information or documents the production of which would violate any constitutional, statutory or common law privacy right of any entity including Admiral, any confidentiality agreement between Admiral and any entity, or court order restricting the disclosure of information or would result in the disclosure of confidential commercial information, trade secrets, proprietary information, or other confidential business information of Admiral or other entities, including, but not limited to, reserve information and documents concerning reinsurance and correspondence with reinsurers.

10.     Admiral objects to each Interrogatory and Document Request to the extent that it seeks information or documents regarding any alleged policyholders other than NSP on the grounds that such information and documents are not relevant to the subject matter involved in the pending action. Admiral also objects to such discovery requests on the grounds that they are not reasonably calculated to lead to the discovery of relevant or admissible evidence. Admiral further objects to all Interrogatories and Document Requests seeking such information and documents on the grounds that they are overly broad, unduly burdensome, oppressive, and seek the production of information and documents for which Admiral is bound by law, custom, or expectations of third parties to maintain as confidential. Moreover, such discovery requests may violate the privacy rights of individuals, confidentiality agreements, or arrangements

between Admiral and its policyholders or other persons, the confidentiality of settlement discussions or agreements, or court orders restricting the disclosure of such information.

11.    Admiral objects to each Interrogatory and Discovery Request to the extent that it seeks disclosure of confidential, proprietary, or sensitive business information, including (without limitation) confidential negotiations and agreements with any policyholder regarding settlements, claims handling, or coverage litigation.

12.    Admiral objects to each Interrogatory and Document Request to the extent that it seeks extrinsic evidence concerning the interpretation of Admiral's policies, on the grounds that such evidence is irrelevant and immaterial. Admiral further states that its policies are unambiguous, and that, accordingly, such discovery is not reasonably calculated to lead to the discovery of admissible evidence.

13.    Admiral objects to each Interrogatory and Document Request to the extent that it seeks information that is not reasonably limited in time or that is not limited to the years during which the policies at issue in this action were in effect, as overly broad, unduly burdensome, oppressive and seeking information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

14.    Admiral objects to each Interrogatory and Document Request to the extent that it seeks information already contained in Admiral's Answer and Affirmative Defenses filed in this litigation, and refers NSP to said Answer and Affirmative Defenses.

15.    Nothing herein shall be construed as a waiver of or as a bar to Admiral's ability to assert additional objections to the discovery of the information and documents sought by NSP's Interrogatories and Document Requests.

# OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Admiral objects to the Definitions and Instructions to the extent they seek to extend Admiral's obligations beyond what is required under the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Western District of Wisconsin. Additionally, Admiral objects as follows:

1.　　Admiral objects to the definitions of the terms "You" and "Your" on the grounds that they are overly broad, require an unduly burdensome search of Admiral's records, purport to cover persons and business entities which are not parties to this action, and purport to require Admiral to supply information which is not within its possession, custody, or control. Admiral further objects to these Definitions as vague, confusing and ambiguous with respect to precisely what entities are intended to be included within those Definitions. For purposes of Admiral's responses to NSP's Interrogatories and Document Requests, "You" and "Your" shall mean Admiral Insurance Company.

2.　　Admiral objects to the definition of "Person" on the grounds that it is vague, overly broad, and unduly burdensome.

3.　　Admiral objects to the definition of "Document" because it is vague, overly broad and unduly burdensome and to the extent it refers to drafts or versions of documents which may be protected from disclosure by applicable privileges, including but not limited to the attorney-client privilege and/or the attorney work product doctrine. Admiral further objects to the definition of "Document" to the extent it refers to documents that are no longer in Admiral's possession. Admiral further objects to the definition of "Document" to the extent it refers to trade secrets and/or other confidential information.

4.    Admiral objects to the definition of "oral communication" because it is vague, overly broad and unduly burdensome.

5.    Admiral objects to the definition of "identify" as overly broad and unduly burdensome to the extent that it seeks information which is not relevant to the subject matter of this action, is not reasonably calculated to lead to the discovery of admissible evidence or is beyond the scope of the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Western District of Wisconsin.

6.    Admiral objects to the definitions of "source of information," "source of knowledge", and "source of information and belief" because they are vague, overly broad and unduly burdensome.

7.    Admiral objects to the definition of the term "respecting" and definition of the phrase "with respect to" on the grounds that such definitions are vague, overly broad and unduly burdensome.

8. Admiral objects to the definition of "factual basis" as vague, overbroad, unduly burdensome and as prematurely calling for factual and/or legal conclusions prior to the completion of discovery.

9. Admiral objects to the definition of "NSPW" on the grounds that it is vague and overly broad, encompassing entities and persons that are not named insureds or additional insureds under the policies at issue in this case and have no rights under the Admiral Policies.

10.    Admiral objects to the definition of "Environmental Claims" on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome, encompassing persons and entities who are not parties to this action. Admiral further objects to this definition to the extent that it calls for information regarding other insureds of Admiral and seeks information that is

confidential and proprietary to the other insured, irrelevant and immaterial to the present action and is not reasonably calculated to lead to the discovery of admissible evidence.

11.    Admiral objects to the definitions of "Policy" and "Policies" to the extent they call for a legal conclusion. Admiral further objects to this definition on the grounds that it is vague, overly broad and unduly burdensome to the extent it encompasses insurance policies issued by Admiral which are not at issue in this case and have no relevance to this action and entities that were not named insureds or additional insureds under the Admiral Policies at issue in this case and have no rights under the Admiral Policies at issue in this case. Admiral further objects to this definition on the grounds that it includes periods of time beyond the effective dates of the Admiral Policies. Admiral's objections and responses herein are limited to those insurance policies allegedly issued by Admiral under which Plaintiff is seeking insurance coverage in this case (Admiral Policies.)

12. Admiral objects to the definition of "Underlying Claims" as overly broad. Admiral's objections and responses herein are limited to Plaintiff's claim for insurance coverage under the Admiral Policies with respect to the alleged contamination at the real property located at and in the area of what is now known as Owen Park, in Eau Claire, Wisconsin.

13.    Admiral objects to the Instructions to the extent they would require Admiral to respond to Interrogatories or Requests for Production in a manner beyond what is required under the Federal Rules of Civil Procedure and local rules of the United States District Court for the Western District of Wisconsin.

14.    Admiral objects to the definition of "MGP Site" on the grounds that the phrase "which is the subject of this action" is vague and ambiguous. Admiral's responses to NSP's

Interrogatories and Document requests are limited to NSP's claim for insurance coverage relating to the alleged contamination at the real property located at and in the area of what is now known as Owen Park, in Eau Claire, Wisconsin.

## ANSWER TO INTERROGATORIES

**INTERROGATORY NO. 1:**     Identify each Person who was involved in, or participated in any way in, the negotiation and/or underwriting of your Policies.

**ANSWER:**   Admiral objects to Interrogatory No. 1 on the grounds that is overbroad and unduly burdensome and vague. Subject to and without waiving any objection, Admiral identifies the following persons and there addresses as referred to in the Admiral underwriting files relating to the Admiral Policies.

1. Clifford Harrington
   V.P.
   Southwest International Underwriting Managers, Inc
   3301 Northland Drive, Suite 312
   Austin, Texas

2. C. L. Johnson

3. R.D. "Dick" Davis
   Swett & Crawford
   Dallas, Texas

4. Patrick J. Burke
   Offenhauser
   P.O. Box 240
   518 Pine Street
   Texarkana, AR/TX

5. Roald G. Johnson
   Manager Insurance and Claims
   Northern States Power Company
   Minneapolis, MN

**INTERROGATORY NO. 2:**       Identify each broker or agent of NSPW with whom you dealt in connection with the negotiation and/or underwriting of your Policies, and describe the negotiation and/or underwriting process that occurred with respect to your Policies.

**ANSWER:**    Admiral objects to Interrogatory No. 1 on the grounds that is overbroad and unduly burdensome. Admiral further objects to Interrogatory No. 2 to the extent it calls for a legal conclusion. Subject to and without waiving any objection, Admiral states that it will produce, copies of any responsive, non-privileged documents comprising the Admiral Policies and contained in the Admiral underwriting files relating to the Admiral Policies.

**INTERROGATORY NO. 3:**       Identify any inspections, investigations, evaluations, or audits you conducted of NSPW and/or the MGP Site during the underwriting of or during the effective dates of your Policies.

**ANSWER:**    Admiral objects to Interrogatory No. 3 on the grounds that the phrase "evaluations" is vague and ambiguous. Subject to and without waiving any objection, Admiral states that it is not presently aware of any inspections, investigations, or audits of NSPW and/or the MGP site during the underwriting or the effective dates of its policies, investigation continues. Admiral will produce, copies of any responsive, non-privileged documents contained in the Admiral underwriting files relating to the Admiral Policies.

**INTERROGATORY NO. 4:**       Identify and describe your current document retention policy, and to the extent different from your current document retention policy, each document retention policy in effect since the issue date of your Policies.

**ANSWER:**    Admiral objects to Interrogatory No. 4 on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible

evidence. Subject to and without waiving any objection, Admiral states that it prior to 2003 it stored underwriting files and policy material on micro film, such as the underwriting file material that Admiral will produce in this case, after 2003 files were put in storage and retained in storage for seven years.

**INTERROGATORY NO. 5:**    Identify each person with whom you have communicated, either orally or in writing, to obtain information regarding the MGP Site and/or the Underlying Claims.

**ANSWER:**    Admiral objects to Interrogatory No. 5 on the grounds that is overbroad and unduly burdensome. Admiral further objects to Interrogatory No. 5 to the extent it would require Admiral to produce documents protected from disclosure by the attorney-client privileged and/or attorney work product doctrine. Without waiving any objections Admiral states that on May 18, 2011, Susan D. Geers V.P. Admiral Insurance Company mailed a letter to Raymond Krueger, Esq. Michael Best & Friedrich, LLP setting forth Admiral's reservation of rights in response to Mr. Krueger's letter providing notice of claim. Ms. Geers letter also requested, pursuant to the Admiral Policies at issue, "that NSPW provide all site investigation and assessment reports, work plans and estimate of remediation cost, if any, as well as all communications with WDNR concerning the Owen Park site." There has been no response to Ms. Geers request.

**INTERROGATORY NO. 6:**    Identify the complete factual basis for your Fourth Affirmative Defense.

**ANSWER:**    Admiral objects to Interrogatory No. 6 to the extent that it is premature, discovery has only just begun and there has been no determination of which state's law will apply to the Admiral Policies. Admiral is therefore not able to provide the complete factual

12

basis. Subject to and without waiving any objection, Admiral states that the Admiral policies require, as a condition precedent to coverage, that the insured provide notice of occurrence as soon as practical, for any liability that is reasonably likely to exceed $100,000.00 ultimate net loss under Policy 6 CM 0155 and written notice, as soon as practicable, containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time place and circumstances thereof, and the names and addresses of the injured and available witnesses for any occurrence reasonably likely to involve Admiral's policy in excess of $150,000.00 ultimate net loss under Policy 7 CM 0161. It is Admiral's belief that NSPW breached these conditions precedent. On information and belief, NSPW and/or NSP had experience investigating and remediating of a number of MGP sites located in Minnesota and Wisconsin and therefore had an early appreciation of the costs that may be associated with the Owen Park MGP. That experience, along with NSP's belief that it may recover its entire claim from any one of the insurance policies in effect during a continuous period of property damage (as manifest by the relatively early and exclusive pursuit of Aegis) should have provided NSPW with the belief that the Owen Park MGP would likely involve liability in excess of NSP's self insured retentions for the Admiral policy periods, assuming which Admiral denies, that NSPW may elect all sums, vertical exhaustion. Investigation continues as to when NSPW first had knowledge of an "occurrence" at the Owen Park MGP under the Admiral Policies. However, on June 7, 2010, Douglas Joseph of the Wisconsin Department of Natural Resources ("WDNR"), wrote LeRoy Wilder, Jr. of Xcel Energy, Eau Claire advising that it had become aware of the Owen Park MGP and requesting that Xcel Energy (NSP) complete a Phase I and Phase II Environmental Site Assessment. (This letter was provided by NSP's counsel as an exhibit to the first notice of claim mailed to Admiral on April 14, 2011 and is in NSP's

possession.) NSP provided notice to Aegis on November 10, 2010 (AEGIS 0000176-180). The Aegis policies, like Admiral's, were in excess of $100,000.00 retention. On November 12, 2010, NSPW filed suit against Aegis in the Eau Claire County Circuit Court the suit was removed to this Court. When the suit was filed, NSP should have known that Aegis would pursue contribution rights against NSP's other insurers, including Admiral, by filing a third party complaint. On February 10, 2011, two months before Admiral was notified of the claim, a Preliminary Pretrial Conference Order was issued that set pretrial deadlines, including a dispositive motion deadline in November 2011. On April 12, 2011 Aegis filed the third party complaint against Admiral. On April 14, 2011 NSP mailed Admiral the first notice of claim. The notice was not as soon as practical. NSP deprived Admiral of the right to associate with NSP in the control of the Owen Park MGP claim and had Admiral named as a third party defendant in a litigation before it even knew there was a claim.

Admiral policy 6 CM 0155 provides: "Should any claim or claims arise appearing likely to exceed the retained limit ($100,000.00), no costs shall be incurred on behalf of the Company without its consent first being given." Admiral Policy 7 CM 0161 provides: "Should any occurrence appear likely to exceed the retained limit ($150,000.00), no loss expenses or legal expenses shall be incurred on behalf of Admiral without its prior consent." NSP incurred costs knowing that the Owen Park "claim" was likely to exceed the Admiral policy's retained limit before it provided notice of claim and never sought Admiral's consent for any costs incurred after providing notice. For example, on February 10, 2011, Douglas Joseph wrote another letter in response to a submission by Cedar Corporation, a contractor retained by Xcel/NSPW before Admiral had notice of claim, which submission WDNR stated was notification of the detection

of numerous contaminants that WDNR attributed to the Owen Park MGP and caused WDNR to believe that Xcel/NSPW are responsible investigating and restoring the environment at the Owen Park MGP. Investigation continues as to the sum of costs incurred without Admiral's assent. Admiral reserves the right to amend its answer to this interrogatory as this case develops and more facts become known to it.

**INTERROGATORY NO. 7:**    Identify the complete factual basis for the allegations in your Fifteenth Affirmative defense.

**ANSWER:**    Admiral objects to Interrogatory No. 7 to the extent that it is premature. Discovery has only just begun. Without waiving any objections and reserving the right to amend its answer to Interrogatory No. 7, Admiral states that each of its policies require the insured to cooperate with Admiral. Policy no. 6 CM 00155 provides that Admiral:

> shall have the right and shall be given the opportunity to associate with the insured in the defense and control of any claim, suit or proceeding where the claim or suit involves, or appears reasonably likely to involve the Company (Admiral), in which event the Insured and the Company shall cooperate in all things."

Policy No. 7 CM 00161 provides:

> Admiral shall have the right and opportunity to associate with the Insured in the defense and control of any claim or proceeding arising out of such occurrence reasonably likely to involve Admiral. In such event the Insured and Admiral shall cooperate fully.

> Should any occurrence appear likely to exceed the retained limit, no loss expenses or legal expenses shall be incurred on behalf of Admiral without its prior consent.

On information and belief NSPW knew that the Owen Park MGP site presented a claim that was reasonably likely to exceed each of the policies' retained limits before NSP gave Admiral notice of claim. With this knowledge, and before giving notice of claim, NSPW accepted liability to conduct environmental investigations that resulted in NSP's agent, Cedar

Corporation, notifying WDNR that certain contaminants were found which triggered WDNR's demand for further action. (See Doug Joseph of the WDNR's letter to LeRoy Wilder, Xcel Energy dated February 10, 2011.) Admiral was denied the opportunity to associate with NSP in the control of the claim before NSP admitted liability for the Owen Park claim in breach of the cooperation clauses. On April 14, 2011, NSPW mailed its first notice of the Owen Park claim to Admiral. On May 10, 2011, NSPW filed its cross claim against Admiral. Admiral further states on May 18, 2011, Susan Geers, V.P. Admiral Insurance Company, wrote a letter to Raymond Krueger, Esq., in response to his April 14, 2011 the notice of claim. Ms. Geers letter provided:

### REQUEST FOR DOCUMENTS

Admiral requests that NSPW provide all site investigation and site assessment reports, work plans and estimate of remediation cost, if any, as well as all communication with WDNR concerning the OWEN Park site.

There has been no response to this request. NSP has deprived Admiral of the right to associate in the control of the Owen Park claim. This litigation will likely result in relevant documents being withheld under NSP's claims of attorney client privilege or work product that would have been available to Admiral. Investigation continues and Admiral reserves the right to amend this answer as more facts become known to it.

**INTERROGATORY N0. 8**        Identify the complete factual basis for the allegations Eighteenth Affirmative Defense.

**ANSWER:**        Admiral objects to Interrogatory No. 8 to the extent that it is premature. Discovery has only just begun. Without waiving any objections and reserving the right to amend its answer to Interrogatory No. 8, Admiral states that Policy No. 6 CM 00155 provides: "The term 'ultimate net loss,' as used in this contract shall mean the sum actually

paid in cash in the settlement or satisfaction of losses for which the insured is liable either by adjudication or compromise with the written consent of the Company (Admiral) …" It also provides the cooperation clause quoted in Admiral's response to Interrogatory No 7. Policy 7 CM 00166 provides: "The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense." The policy also requires that NSPW cooperate with Admiral in controlling the Owen Park MGP claim. The control of the claim includes the determination of NSP's liability as set forth in Admiral's answer to Interrogatory No 7. On information and belief, before NSPW provided notice of the Owen Park MGP claim to Admiral, NSPW agreed to accept liability for investigating and restoring the environment at the Owen Park MGP site and NSP incurred costs. NSP's assumption of liability was without the knowledge or consent of Admiral and NSP has incurred costs without the consent of Admiral. Admiral reserves the right to amend its answer to Interrogatory No. 8 as this case evolves as more facts become known to Admiral.

**INTERROGATORY NO. 9**        Identify the complete factual basis for the allegations in your Nineteenth Affirmative Defense.

**ANSWER:**        Admiral objects to this interrogatory as being premature. Discovery has only just begun. Admiral further objects because this interrogatory calls for an expert opinion. Admiral reserves the right to amend this answer as the case evolves and more facts become known to it.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST TO PRODUCE NO. 1:** Produce each document identified in response to the interrogatories above.

**RESPONSE:** Admiral objects to Request to Produce No. 1 to the extent it calls for the production of documents protected by the attorney client privileged and/or the attorney work product doctrine. Admiral further objects to Request to Produce No. 1 to the extent it calls for the production of documents not in Admiral's possession and documents equally available to NSPW. Subject to and without waiving any objection, Admiral will produce copies of any responsive, non-privileged documents comprising the Admiral Policies their underwriting material, that are in Admiral's possession, relating to NSP's claim for insurance coverage related to the alleged contamination at the real property located at and in the area of what is now known as Owen Park, in Eau Claire, Wisconsin to the extent not already produced in Admiral's Rule 26 Disclosure in this case.

**REQUEST TO PRODUCE NO. 2:** Produce each document which you reviewed or consulted to prepare responses to the interrogatories above.

**RESPONSE:** Admiral objects to Request to Produce No. 2 to the extent it calls for the production of documents protected from disclosure by the attorney client privilege and/or by the attorney work product doctrine. Admiral further objects to Request to Produce No. 2 to the extent it calls for the production of documents that have been identified and are in NSP's possession and available to NSPW. Admiral further objects to Request to Produce No. 2 as overly broad and unduly burdensome. Subject to and without waiving any objection, Admiral states that it will produce copies of documents that it reviewed to the extent they have not already been produced in Admiral's Rule 26 Disclosure in this case.

**REQUEST TO PRODUCE NO. 3:** Produce each Policy or Policies, including all policy forms, cover note, subscription agreement, market order, agency subscription, declarations, applications, certifications, documents respecting communication with brokers and/or agents, documents respecting communication with underwriters and other documents with respect to each Policy or Policies. To the extent that you are unable to locate a complete, legible copy of each Policy or Policies, provide all evidence of the existence and/or terms of any such Policy or Policies.

**RESPONSE:** Admiral will produce copies of its policies and communication with underwriters and brokers and/or agents to the extent it has such communication and to the extent they have not already been produced in Admiral's Rule 26 Disclosure in this case. Further stating, Admiral does not have any "cover note", "subscription agreement", "market order", "agency subscription", "application", or "certification".

**REQUEST TO PRODUCE NO. 4:** Produce your entire claims file for each claim or request for coverage made by NSPW under your Policy or Policies relating to the MGP Site and/or the Underlying Claims, including the entire claims file respecting each claim and/or request for coverage made by NSPW with respect to the Underlying Claims, including without limitation the following:

a. Each notice of any suit, claim or occurrence provided to you by NSPW or its representatives, including its attorneys;

b. All correspondence and other documents you received from NSPW or its representatives, including its attorneys, with respect to the MGP Site and/or the Underlying Claims;

c. All correspondence and other documents consisting of, reflecting or respecting any

written or oral communication between you and NSPW with respect to the MGP Site
and/or the Underlying Claims;

d. All correspondence and other documents consisting of, reflecting or respecting any
written or oral communications from you to NSPW responding to any of NSPW's notice
letters with respect to the MGP Site and/or the Underlying Claims;

e. The cover of any file folder or jacket containing any information whatsoever
respecting the Underlying Claims; and

f. All correspondence, notes, memoranda, computer printouts or other documents
respecting any investigation performed by you (including any investigation performed
by your representatives or investigators) with respect to the MGP Site and/or the
Underlying Claims.

**RESPONSE:**        Admiral objects to Request to Produce No. 4 to the extent it calls
for the production of documents protected from disclosure by the attorney client privilege
and/or by the attorney work product doctrine. Admiral further objects to Request to Produce
No. 4 on the grounds that it is overly broad and is vague and ambiguous. Admiral's responses
to NSP's interrogatories and production requests are limited to documents related to NSP's
claim for insurance coverage for the alleged contamination at the at the real property located at
and in the area of what is now known as Owen Park, in Eau Claire, Wisconsin. Subject to and
without waiving any objection, Admiral states that it will produce copies of any responsive,
non-privileged documents comprising the Admiral Underwriting files and Admiral claims file,
to the extent one exists, relating to NSP's claim for insurance coverage related to the alleged
contamination at the real property located at and in the area of what is now known as Owen
Park, in Eau Claire, Wisconsin to the extent not already produced in Admiral's Rule 26

Disclosure in this case. Admiral has not had any oral communication with NSP, its agent or its counsel concerning this claim.

**REQUEST TO PRODUCE NO. 5:**     Produce all claims manuals, manuals, guidelines, procedures, instructions and other documents used by you in adjusting, evaluating, investigating or determining claims by your insureds for coverage of Environmental Claims during the period of 1980 to the present.

**RESPONSE:**     Admiral objects to Request to Produce No. 5 on the grounds that it overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Admiral further objects to Request to Produce No. 5 on the grounds that it is overly broad and unduly burdensome and to the extent it would require Century to produce confidential proprietary information. Subject to and without waiving any objection, Admiral states that it did not have any claims manuals, manuals, guidelines, procedures, instructions and or other documents used by Admiral in adjusting, evaluating, investigating or determining claims by your insureds for coverage that are specific to Environmental Claims at any time.

**REQUEST TO PRODUCE NO. 6:**     Produce all applications for insurance and other documents referred to or created by any person acting on your behalf with respect to the underwriting of your Policy or Policies, including without limitation all applications for insurance coverage and the entire contents of any underwriting file with respect to each Policy.

**RESPONSE:**     This request is redundant see Admiral's response to Request to Produce No. 3.

**REQUEST TO PRODUCE NO. 7:**     Produce all documents respecting NSPW's application or request for insurance coverage from you, including without limitation

any application forms or other documents NSPW provided to you by any person before (or at the time) you issued your Policy or Policies naming or including NSPW as an insured.

**RESPONSE:** This request is redundant see Admiral's response to Request to Produce No. 3.

**REQUEST TO PRODUCE NO. 8:** Produce all documents that you have obtained regarding the MGP Site, including without limitation all documents obtained from NSPW, the Wisconsin Department of Natural Resources, and the United States Environmental Protection Agency.

**RESPONSE:** Admiral objects to Request to Produce No. 8 to the extent it would require Admiral to provide documents that its counsel received from NSPW's counsel as NSPW's Rule 26 Disclosure in this case, or documents that NSPW attached to Admiral's notice of claim as burdensome and unnecessary. Further responding, Admiral has not obtained any documents directly from NSPW, the Wisconsin Department of Natural Resources or United States Environmental Protection Agency.

**REQUEST TO PRODUCE NO. 9:** Produce any interview statements, signed or unsigned, or tape recording or interview of persons having knowledge regarding the MGP Site and/or the Underlying Claims.

**RESPONSE:** Admiral does not have interview statements, or tape recording or interview of persons having knowledge regarding the MGP Site and/or the Underlying Claims.

**REQUEST TO PRODUCE NO. 11:** Produce all documents regarding your inspections, investigations, evaluations, or audits of the MGP Site and/or it operations.

**RESPONSE:** Admiral will produce copies of its underwriting files that include its policies, communication with underwriters and brokers and/or agents to the extent it has

such communication and to the extent they have not already been produced in Admiral's Rule

26 Disclosure in this case.   Admiral did not inspect, investigate, evaluate, or audit the Owen

Park MGP site and/or its operations.


Dated this 23rd day of September, 2011

James S. Stickles, Jr.
Stickles, LLC
3385 N. Arlington Heights Rd., Ste E
Arlington Heights, IL  60004
Telephone:  847-398-9927
Facsimile:  847-398-9926
E-Mail:  jstickles@srm-law.com
Attorney for Third-Party Defendant
Admiral Insurance Company

## **VERIFICATION**

I, Susan D. Geers, Vice President of Defendant Admiral Insurance Company have read the Responses to Northern States Power Company's First Set Of Interrogatories and know the contents thereof; that the responses were prepared with the assistance of counsel; that subject to inadvertent or undiscovered errors, the responses are based on, and therefore limited by, the records still in existence, presently recollected, and thus far discovered in the course of preparing these responses; that consequently Admiral Insurance Company reserves the right to make changes in the responses if it appears at any time that omissions or errors have been made therein, or more accurate information is available; that the answers provided are not all within my personal knowledge, but are based on facts assembled by authorized employees or agents of this defendant and that, subject to the limitations set forth herein, the responses are true and correct to the best of my knowledge, information and belief and that I am authorized to sign them on behalf of Admiral Insurance Company.

Susan D. Geers